CASE 17—PETITION EQUITY—SEPT. 24.

## Dillion v. Crook & Co., &c.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. UNDER A PAROL CONTRACT no permanent interest in land can be acquired, nor the right at all times to enter upon it against the consent of the owner.
2. EQUITY WILL SOMETIMES PROTECT AND INDEMNIFY A PAROL GRANTEE.
   *When the owner of an estate has by parol granted an easement therein,* upon the faith of which the other party has expended money which will be lost and valueless if the right to enjoy such easement is revoked, equity will compel the owner to indemnify him on revoking the grant.

R. M. & W. O. BRADLEY, . . . . . . For Appellant,

CITED

  1. *Frauds and perjuries:*
  General Statutes, title Contracts.
  Revised Statutes, chap. 4, secs. 1, 2, 3, 4, 5, 6.
  Dunlap's Laws, Penn. chap. 59.
  Code, Iowa, secs. 1205, 2409, 2410, 2411, 2412.
 3 Litt. 393, Finley, &c. v. Wilson.
 4 Bibb, 511, McCracken v. Sanders.
 5 Litt. 92, McCampbell v. McCampbell.

VOL. XI.—22

6 Mon. 557, Grimes v. Shrieve.

4 J. J. Mar. 230, Gudgell v. Duvall.

5 B. Mon. 269, Clary's heirs v. Marshall's heirs.

9 B. Mon. 371, King's ex'r v. Hanna.

1 Met. 557, 558, Berry v. Graddy.

1 Bush, 149, Cornellison v. Cornellison.

7 Bush, 281, Faris and wife v. Dunn.

8 W. H. & G. 401, Waters v. Towers.

4 Sneed, 301, Sneed v. Bradley.

42 Mo. 351, Kratz v. Stoke.

14 B. Mon. 293, Bellamy v. Ragsdale.

### 2. *Estoppel:*

Bigelow on Estoppel, 475, 476.

Sugden on Vendors, 446.

Washburn's Eas. & Ser. p. 63.

Roberts on Fraud, p. 130.

Tud. Lead. Ca. 106.    3 Kent's Com. 452.

Craig & P. 91, Williams v. Jorsey.

Chitty on Contracts, 467.

Bigelow on Estoppel, 527.

1 Hilliard on Torts, p. 182, sec. 31.

3 Litt. 55, Springle & Bobb's heirs v. Morrison.

5 J. J. Mar. 569, Lyne, &c. v. Bank of Kentucky.

3 Dana, 380, Barclay v. Hendrick.

6 B. Mon. 113, Brothers v. Porter.

8 B. Mon. 542, Tom Davis v. Tingle.

7 Dana, 280, Lex. & Ohio R. R. Co. v. Ormsby.

1 Story's Equity, 377.    2 *Ibid*, 388.

2 Eq. Ca. Abr. 552.    *Ibid*, Short v. Taylor.

1 Bay, 239, Tarrant v. Terry.

6 Hare, 300, Powell v. Thomas.

28 New York, 297, Marble v. Whitney.

14 Bear. 430, Devonshire v. Eglin.

10 B. Mon. 159, Grace v. Mercer.

### 3. *License:*

Wash. on Easements & Serv. 23, 24, 649, 650.

3 Kent, p. 452.    1 Dev. & Bat. N. C. 497.

7 Bing. 682, Liggins v. Inge.

4 Watts, 317, McKillup v. McIlhenny.

9 Iowa, 260, Wickersham v. Orr.

1 Maine, 9, Clement v. Durgin.

14 Ser. & Rawle, 267, Rerick v. Kern.

33 Penn. 169, Lacy v. Arnett.

Dillion v. Crook & Co., &c.

19 Ind. 14, Snowdon v. Willis.
19 Ind. 369, Stephens v. Benson.
17 Iowa, 114, Beatty v. Gregory.
11 N. H. 102, Ameriscoggin Bridge v. Bragg.
15 Law Reg. 380, Husten v. Saffee.
18 B. Mon. 222, Hortsman v. Lex. & Cov. R. R.

4. *Principal and agent:*

Sugden on Vendors, 6.
15 B Mon. 515, Campbell. v. Hillman.

5. *Damages:*

Sedg. on Measure of Damages, 74, 77, 78, 79, 245.
14 Barb. 611, Davis v. Talcott.
18 Ill. 223, County of Christian v. Overhalt.
18 Ill. 217, Palm v. Ohio & Miss. R. R. Co.

R. E. LITTLE, . . . . . . . . . . . For Appellees,

(Brief not in record.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition that the firms of Crook & Co. and Harris & Co., under an agreement with the Louisville & Nashville Railroad Company, constructed a certain switch from the main road to their coal mines in the county of Rockcastle. The two firms were to keep the road in repair and pay the railroad company ten per cent on the iron furnished, the latter having agreed to furnish the iron spikes, etc., in order to complete the switch.

It is also alleged that the appellant, having leased coal lands adjoining the lands owned by the appellees, and being desirous of opening his mines, agreed with them (the appellees) to pay a portion of their liability to the railroad company, for the use of their switch in transporting his coal. He was to pay one third of the repairs, one third per cent on the value of iron, and fifty cents on each car-load of freight, and have the use of the track without any limit as to time. That he used the switch of appellees under this contract, and paid to the two firms for this use the amount required by the contract; that

he had no means to build a switch of his own—a fact known to the appellees; and in consideration of the agreement, and by reason of this license to pass over appellees' track with his coal, he developed his mines by building the necessary houses and other improvements for that purpose, made contracts for the delivery of coal, etc., when the appellees without cause abandoned their contract and refused to permit appellant to use their switch in order to get his coal to market, leaving his improvements worthless, erected under the faith of the agreement; and for this he seeks to recover damages.

A demurrer was sustained to the petition, and the appellant, standing by his demurrer, has brought the case to this court. Separate demurrers were also filed by the appellee Fink, and by J. R. Crook. As to these parties, Fink and J. R. Crook, the demurrer was properly sustained. There is no allegation that Fink was any party to the agreement or that he had any interest whatever in the switch constructed by his co-appellees. It is alleged that he consented to the agreement and advised its execution, and afterward entered into a conspiracy to raise the price of coal, and induced his co-appellees to violate the contract. The action is for damages resulting from the agreement between appellant and the firms of Crook & Co. and Harris & Co., and it is difficult to perceive how this appellee can be made liable for disregarding its terms, when he was not a party contracting, and when the petition discloses the fact that he has no interest in it. He may have advised his co-appellees that they had the right to abandon their contract, and afterward entered into the alleged partnership in coal by which they attempted to create a monopoly in the sale of this article; still his liability in this action must rest alone on the agreement; and not being a party to it, nor in fact any alleged cause of action against him, the court acted properly in dismissing the petition, so far as he was sought to be made liable.

J. R. Crook had no interest in the controversy except as agent of the firms or one of them, and the fact that he sold the coal as the agent of the parties who had entered into a combination to control the sales makes him no party to the agreement, and therefore the demurrer was rightfully sustained as to him. As to the other appellees, the court erred in dismissing the petition.

The agreement between the parties being in parol, and the right to the use of the switch being without limit, it is insisted by the appellees that the agreement, being in parol, is within the statute of frauds. In seeking the recovery the appellant is relying on the parol agreement only, and it must be conceded that under a parol contract no permanent interest can be acquired in land, or the right at all times to enter upon it against the consent of the owner, upon no other evidence than that a parol contract giving this right had been entered into between the parties. The adoption of such a rule would be to disregard the statute requiring the evidence of such a right to be in writing.

In the present case, if the agreement was executory, or the right to enter was not based upon a valuable consideration, and the grantee had made no expenditures or improvements by reason of it, we would have no hesitation in determining that the appellees had the power to revoke the grant without incurring any liability. The appellees (taking the allegations of the petition to be true, which must be done on demurrer) had received of the appellant a part of the consideration he assumed to pay for the use of their property, and encouraged him, by reason of the agreement, to develop his mines and incur heavy expenditures that are worthless to him when deprived of the only means he had of taking his coal to market. The use and enjoyment of this privilege, for which he had paid his money, required a large expenditure—a fact as well known to the appellees as the appellant.

The appellant occupies the position of a purchaser for a valuable consideration; and having entered upon the enjoyment of the use, and incurred an expense that was absolutely necessary to its enjoyment, and which, without the use of the switch, would be valueless, we see no reason why, in a court of law, the appellees, having revoked the grant, should not be required to indemnify the party wronged by their own act in damages.

In the case of Rerick v. Kern (14 Sergeant & Rawle) it is said that "such a grant is a direct encouragement to expend money, and it would be against all conscience to annul it as soon as the benefit expected from the expenditure is beginning to be perceived."

In Washburn's Easements and Servitudes (page 90) it is said: "Where the owner of an estate has by parol granted an easement in his land, upon the faith of which the other party has expended moneys which will be lost and valueless if the right to enjoy such easement is revoked, equity has enjoined the owner of the first estate from preventing the use of the easement."

Whether such a contract as is alleged to have been made in this case, a valuable consideration having been paid and large expenditures incurred, can be enforced in a court of equity, is not necessary to be determined. If such relief can be given, it must be for the reason that the party injured has no other adequate remedy. It is well settled, however, that where a consideration has been paid and necessary expenditures incurred by the grantee, in revoking the grant, the latter, like a purchaser of land by parol, must be indemnified. The extent or measure of indemnity can better be determined when the issues are made and the facts presented.

The sole question in the case arises on the face of the petition; and, conceding the facts alleged to be true, the appellant has a cause of action, and the demurrer should have been overruled.

The judgment is affirmed as to Fink and J. R. Crook, and reversed as to Crook & Co. and Harris & Co., with directions to set aside the order sustaining the general demurrer, and for further proceedings consistent with this opinion.