## WILLIAM JARVIS *v.* T. P. SATTERWHITE.

[Abstract Kentucky Law Reporter, Vol. 2—436.]

**Estoppel.**
> One who stands by and permits another to purchase land of which he is the owner, without asserting his claim, will be estopped to assert it afterward against the purchaser.

**License to Construct a Building.**
> Where one consents that another may so erect his house that the cornice hangs over the other's land, it amounts to a license, and when the owner of the building expends his money in its erection on the faith of the permission given the other is estopped by his own act and will not be allowed to revoke such permission.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

May 5, 1881.

OPINION BY JUDGE PRYOR:

It is unreasonable to suppose that the appellee would have constructed his house with the knowledge of the fact that the cornice was overhanging the ground of the appellant, without the latter's consent, and when it is admitted by the appellant that he gave his consent to the construction of the cornice so as to cover a part of his lot, but at another part of the building, with the condition that it should be removed thereafter in the event appellant requires it, the question in the case is easily solved. The appellant had no doubt forgotten what transpired at the time this consent was given, and when it appears that the plan of the building was exhibited to him at the time his consent was obtained, and not only so, but that he saw the building progress to completion without any objection, it is manifest that the testimony of the appellee must control the decision of this case.

The circumstances are strongly corroborative of appellee's statement, so much so that there is but little doubt left as to its verity. The party here relying on the consent of the appellant has erected

a building at considerable cost, and to alter the plan or reconstruct the building would necessitate an additional expense, originating alone from the attempt on the part of appellant to revoke the license or permission to construct the house in accordance with the plan shown him. It is too late to recall his action in the premises after the expenditure has been incurred. It seems to us the only question in this case is, Did the appellant consent that the cornice might be constructed so as to overhang his lot? If so, the case is for the appellee. It is not an easement that the appellee is asserting, but on the contrary a license to erect his house, or a part of it, on appellant's land; and whether there was a consideration or not passing to the appellant is immaterial. The building was constructed and the expenditure made on the faith of the permission given, and that fact being established by a preponderance of the testimony the appellant is estopped by his own act, as in the case of an easement, when the grant is by parol, when, if the party entering has expended money in the way of improvements that must be entirely lost if the grant is revoked, the chancellor will not interfere at the instance of the owner. *Dillon v. Crook,* 11 Bush (Ky.) 321.

One who stands by and permits another to purchase land of which he is the owner, without asserting claim, will be estopped to assert it afterwards against the purchaser. In the case of *Phillips v. Clark,* 4 Met. (Ky.) 348, where the vendor of the land, who was insolvent, contracted with mechanics to build a house on the land, they erected the building, and the vendee, who had the title, asserted his right to the property because he was the owner and had not authorized the work. This court said that, while the building was being constructed, the vendees, aware of that fact, stood by and remained silent, and permitted the mechanic, who was ignorant of the vendee's claim, to complete the work. If this was an action to enforce an agreement on the part of the appellant showing his consent in parol, the doctrine contended for by him would apply; or if a parol license had been given and an entry made under it and no expenditures incurred, or the parties could be placed in statu quo, the chancellor would grant relief. But in this class of cases the chancellor will not and ought not to interfere at the instance of one who has induced another to build on his land, when to remove the building or change the plan would incur a useless expenditure

of money to gratify one whose breach of faith is the prime cause of risking the interposition of the chancellor.

Judgment *affirmed.*

*Russell & Helm, for appellant.*

*Roogloe, Roberts & Humphrey, for appellee.*