## W. F. GOODWIN *v.* WM. CRIDER.

[Abstract Kentucky Law Reporter, Vol. 6—48.]

**Private Right of Way.**

> No right to a passageway over the land of another is gained by prescription where the owner merely permits persons to pass over his lands because the highway has become impassable. The application to establish a passway under the statute negatives the idea of a claim existing by contract.

APPEAL FROM OLDHAM CIRCUIT COURT.

June 5, 1884.

OPINION BY JUDGE PRYOR:

We think it is manifest from the testimony that no right of way belonged to the owner of the land in this case by prescription, or that its use had been of such duration as that the grant or right might be implied. The only ground upon which the injuction

could have been sustained was by reason of the alleged contract between the parties, and this view of the case is not sustained by the weight of testimony; and even if it had been, we are met with a mere parol agreement that could not under the circumstances of this case be enforced. No consideration was paid for the land or the right to pass over it, and if the expenditure of building a fence and erecting gates was incurred there is an adequate remedy for the damages, if made under a contract.

The evidence, however, conduces to show that it was for the convenience of the appellant that the fences were erected and that no such benefits accrued to the appellee as would constitute a consideration for the right to pass over the land. It was a mere permissive use such as had been enjoyed by the owners of the land beyond the land in controversy for several years in going to and from the town of Westport. The road on the bank of the river had been washed off, or the banks had fallen in, so as to make it impassable, and Crider seeing the condition of his neighbors suffered them to pass over his land. The appellant had the same right to pass that Judge Dehaven and others had in order to reach their lands. The latter paid one-half of the expenses incurred by the appellant in building the fences and erecting the gates, and had been passing through the land of the appellee for a longer time than the appellant. He only claims a permissive right, and the proof conduces to show that this is the extent of appellant's claim. The application for the establishment of a passway under the statute negatives the idea of a claim existing by contract, and as said by this court in *Dillion v. Crook,* 11 Bush (Ky.) 321, "The mere evidence of a parol contract giving the right will not authorize its enforcement. To do so would be to disregard the statute requiring the evidence of such a right to be in writing," and there is no such expenditure here as would authorize a recovery in damages. A part or one string of the fence had been removed by appellant before this suit was instituted. The expenses were incurred by Dehaven and appellant jointly, and solely for the convenience of these parties and not for appellee's benefit, therefore there was no reason and would have been no equity in requiring the appellee to restore the expenditure and its equivalent before dissolving the injunction. Whether, after the notice given appellant, he had the right to remove his fence and gate is a question not

before us, and besides, if made, it appears that other parties contributed to the expense of erecting the fencing and gates, who claim only a permissive use, and their wishes would have to be consulted before passing upon such a question.

The judgment dismissing the petition and dissolving the injunction was proper and is now *affirmed.*

*Wm. Lindsay, Rodman & Brown, Carroll & Barbour, Joseph Clore, for appellant.*

*Robbins & McIntyre, J. S. Morris, for appellee.*