F. BRODY, Appellant, v. G. W. CHITTENDEN.

**Replevin:** INJUNCTION *pendente lite.* An answer in replevin denied plaintiff's right to possession in certain articles; alleged that the articles were not included in the mortgage under which plaintiff claimed possession, nor in the writ under which they were taken; that some of them were exempt, and that the balance were placed with him for repairs, his occupation being that of a jeweler; and asked for a return thereof, for damages for their detention, and for an injunction restraining their sale. *Held,* since, under Code 1873, section 3226, prohibiting counterclaims in actions of replevin, defendant was entitled to recover the property and damages for its recovery, his answer was an "action by ordinary proceedings," within section 3386, providing that "in all cases of * * * injury, where the party injured is entitled to maintain and has brought an action by ordinary proceedings, he may in the same cause pray and have a writ of injunction * * * against * * * continuance of such * * * injury."

JURY QUESTION. What is "furniture in a store," or what articles are legitimately a part of a stock of goods of a peculiar nature, or what tools a particular artisan uses, are questions of fact for the jury.

**Injunction:** MOTION TO DISSOLVE. A motion to dissolve an injunction restraining the sale of property under a writ of replevin, directed to the injunction as a whole, will be denied if the injunction is, good as to any part of the property.

TRIAL *de novo.*  A motion to dissolve an injunction granted upon the
answer, in an action of replevin to restrain the sale of property
taken under the writ, is not an equitable proceeding, so as to
authorize the supreme court to determine the facts anew upon
an appeal from the denial of such motion.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

FRIDAY, OCTOBER 14, 1898.

THE defendant, Chittenden, gave to A. Holland and
J. A. McKinney, each, a mortgage on his stock of goods, con-
sisting of jewelry, silverware, glassware, and queensware, in
a certain building in the city of Des Moines.  The plaintiff
became the owner of both mortgages, and under their terms
he made a demand for the property, which was refused, and
this action is replevin for its possession.  The property was
taken by virtue of the writ, and delivered to the plaintiff.  The
answer denies the right of plaintiff to the possession of the
property, and shows that defendant is a jeweler and optician;
that the stock of goods consists of watches, jewelry, rings,
clocks and other articles; that in the stock taken under the
writ were articles of the above description that were in the
possession of defendant for the purpose of being altered,
repaired, or changed in some form or another, and for the
safety and return of which defendant was and is responsible.
The answer further shows that the sheriff took, under the
writ, three sets of jeweler scales, three bench stools, one Seth
Thomas regulator, a bench lamp, and a Natshet trial case,
not included in the mortgage or writ of replevin.  The answer
also shows that some of the articles so taken possessed peculiar
value to the owners, being gifts; and that plaintiff is about to
sell the property wrongfully taken; and asks an injunction to
restrain the sale until the final hearing of the cause; and a
temporary writ issued and was served.  Plaintiff thereafter
filed his reply, in which it appears that after the sheriff took
possession of the goods the defendant, by agreement with

plaintiff's attorney, went to the stock of goods, and identified and took all the articles belonging to other parties for repairs or storage, or afterwards sent orders for the same, so that but one watch remains which has not been called for. It further appears that some articles claimed to belong to others cannot be found in the stock, and that certain articles described in what appears in the records as Schedules A and B, being exhibits to the answer, have never been claimed as not being included in the mortgage, nor has demand been made therefor. It appears from the answer that defendant is the head of a family, and some of the articles claimed as not included in the mortgage are exempt from execution under the law. The reply admits that defendant is the head of a family, but denies that the articles are exempt from execution, and puts in issue the fact that such articles are not included in the mortgages, as well as others claimed not to be. Upon filing the reply the plaintiff moved the court to dissolve the temporary injunction. Affidavits were used on the hearing, and the court denied the motion, and from the ruling the plaintiff appealed. —*Affirmed.*

*Ayers, Woodin & Ayers* for appellant.

No appearance for appellee.

GRANGER, J.—I. The case is peculiar in some of its features. In such a case we should be favored with an argument from both parties. It is thought the injunction should have been dissolved on the face of the pleadings, because it should not have been granted; the reason being that defendant had a plain, speedy, and adequate remedy at law, there being a bond in the replevin suit giving ample security for any resulting damage. This is not an equity proceeding, in which that rule is so generally announced, but is a law action. Conceding, for the purposes of the argument, that defendant is right in his claim that property has been taken and is being held by the plaintiff that is not included in

the mortgage, nor in the writ of replevin, and we meet one of the peculiar features of the case, in this: that property is held by plaintiff which he is about to sell, against which the writ is not directed, and which plaintiff must hold as a trespasser. Defendant asks for the return of such property and for damages. It is in the nature of a cross action. Section 3386, Code 1873, provides that "in all cases of   *   *   *   injury, where the party injured is entitled to maintain and has brought an action by ordinary proceedings, he may in the same cause pray and have a writ of injunction against the repetition or continuance of such   *   *   *   injury," etc. Aside from the above language, we know of no law to authorize the issuance of the injunction in this case. To authorize the writ, the defendant must have been entitled to maintain, and must have brought, an action by ordinary proceedings, as a remedy for the injury in taking the property. Is what defendant has pleaded, and in which he asks judgment, an action by ordinary proceedings, within the meaning of the statute? A counterclaim in an action of replevin is not allowed. Code 1873, section 3226. But, in *McIntire v. Eastman,* 76 Iowa, 455, we held in a replevin suit, and when considering section 3226, that it did not prevent defendant, from whom property had been taken on such a writ, from asking for its return, and for damages for its detention. After stating the provision of section 3226, it is said, in that case: "But it is evident that it is not the purpose of that section to prevent a recovery, by any party to the action, of the property to which he is entitled, and damages for its detention." The case seems to recognize such a proceeding as one for the recovery of property, and we think it is so far an action as to come within the meaning of the statute permitting an injunction in aid of the proceedings. If such a ruling can be sustained, it would seem to be in accord with the spirit of the statute. There is no attempt by defendant to interfere with what is conceded to be property mortgaged,—and what is not mortgaged plaintiff does not

claim,—but the issue is as to certain property being included in the mortgages. As a general rule, it would seem as if such a question ought to be settled in advance of a sale, and especially so where one is responsible for property of third parties, the sale of which might present difficult questions for adjustment. The reasoning in *McIntire v. Eastman, supra,* is that, in so far as it can well be done, one suit should determine the matter of title, right of possession, and matters that arise therefrom. Our view of the present question is in harmony with such a rule.

II.    The issues of fact arising on the motion to dissolve the injunction were tried upon affidavits, and witnesses examined on the hearing. The mortgages describe the property pledged as follows: "All of my stock of goods, jewelry, silverware, glass, and queensware, of every kind and description, and all goods and merchandise now or hereafter in my store in the building and room known as '406 East Sixth (6th) Street,' in the city of Des Moines, Iowa, and all furniture and fixtures therein, including safes; said stock consisting of diamonds, watches, watch cases and movements, clocks, jewelry, optical goods, silverware, glass, and queensware, and decorated goods, and other articles of merchandise."

Much of the evidence taken is directed to questions of fact whether or not certain articles taken, such as jewelry scales, a regulator, bench stools, and bench lamp, come within the meaning of the words in the description, "all furniture and fixtures therein," or "other articles of merchandise," and whether certain articles in dispute are those with which a jeweler or optician habitually earns his living. The evidence includes that of experts, and it is much in conflict. Appellant thinks this proceeding is an equitable one, so that we determine such facts anew; but we do not concur in that view. The hearing is upon a motion in a law action, and we know of no rule that changes the forum where such questions arise in a law action. There was no attempt to change the forum for the

purposes of the motion, but the hearing took place in the proceeding as it was instituted. The motion was to dissolve the injunction as a whole, and not as to any particular part of the property affected by it. We need not consider the case as to all the items of property involved, as, if the injunction should stand as to part, we cannot interfere, for no such question is presented, nor was it the duty of the court to sift out particular property to exempt it from the operation of the injunction when no such relief was asked. As we have said, the evidence as to whether certain articles of property constituted part of a stock of jewelry, etc., or was furniture or fixtures in a store like that conducted by defendant, and also whether certain articles were tools with which a jeweler or optician earned his living, is conflicting, and we do not disturb the finding of the court below under such circumstances. The law does not determine such questions, for, as appears in this case, experts differ as to the conclusion. The law makes no presumption as to what is proper furniture in a store, what is legitimately part of a stock of goods of a particular nature, nor what tools a particular artisan uses. Such questions are of fact when they arise. These conclusions are decisive of this case with us. The district court refused to disturb the injunction after a consideration of the facts. The order of the court is AFFIRMED.