Case 65.—ACTION BY LOUIS LEVY AGAINST THE LOUIS-
VILLE GUNNING SYSTEM FOR AN INJUNCTION.—No-
vember 23.

## Levy v. Louisville Gunning System.

Appeal from Jefferson Circuit Court, Chancery
Branch (1st Division).

SHACKELFORD MILLER, Judge.

Judgment for defendant. Plaintiff appeals. Af-
firmed.

1. Licenses—Revocation—Where the owner of a building executed
   a written contract granting to defendant the right to use
   one of the walls thereof for advertising purposes for a speci-
   fied consideration and for a definite period, and providing
   that, in case of an obstruction of the wall by other buildings,
   defendant should have an abatement of the rent, together
   with necessary access through and upon the premises, and
   warranting the title to the leasehold for the term mentioned,
   the contract, though regarded as a license, was not revocable
   at the will of the owner.
2. Easements—Contracts—Construction—Where the owner of a
   building let one of the walls to defendant by a written contract
   for a consideration for advertising purposes, and warranted
   the title to the leasehold for the term specified, defendant
   acquired a right in the property in the nature of an ease-
   ment.
3. Licenses—Revocation—Where the owner of a building executed
   a license for a term at a specified rent for the use of one
   of its walls for advertising purposes, such license was not
   revoked by the owner's execution of a lease of the building
   to plaintiff's assignor, which did not mention such license.

CARUTH & CHATTERSON for appellant.

No brief in record.

JACOB SOLINGER for appellee.

Levy v. Louisville Gunning System.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

1. An instrument in writing, granting appellee the privilege of maintaining a sign upon a wall of a building, executed by the owner of the property, while the premises are vacant, with all the solemnity and dignity of a lease, for a recited consideration and for a definite, stated period, is what it purports to be—a lease. (O. J. Gudge Co. v. Farley, 58 N. Y. Sup., 1036; Reynolds v. Van Beuren, 155 N. Y., 120; Willoughby v. Lawrence, 116 Ill., 11; Van Ohlen v. Van Ohlen, 56 Ill., 528.)

2. An instrument in writing from the owner of property, granting to appellee the right and privilege of painting and maintaining a sign upon the wall of said property, for a recited consideration and for a definite and stated period, whether lease or license, is not revocable at the will of the lessor. (Jones, &c. v. J. W. Fowler Drug Co., 85 S. W., 721; Pevey v. Skinner, 116 Mass., 129; Lowell v. Strahan, 145 Mass., 1412; Am. & Eng. Ency. of Law, vol. 18, 2d Ed., p. 1144; Rhodes v. Otis, 33 Ala., 578; Batchelder & Hibbard, 58 N. H., 629; Risien v. Brown [Tex.], 10 S. W., 661; McLeod v. Dial, 37 S. W., 306; 63 Ark., 10; Boone v. Storer, 66 Mo., 430; Huff v. McCauley, 53 Pa. St., 206; Davis v. Townsend, 10 Bark., 232; Willoughby v. Lawrence, 116 Ill., 11; Van Ohlen v. Van Ohlen, 56 Ill., 528; Hall v. Boyd, 14 Ga., 1; Morton Brewing Co. v. Morton, 47 N. J. Eq., 158.)

3. Where the owner of property, while said property is vacant, grants to one, by an instrument in writing, the privilege of painting and maintaining a sign upon a wall of said property, and the lessee, under said privilege, goes upon said wall, and, at great expense, paints a sign thereon, the owner of said property is estopped from revoking said privilege. (L. & N. R. R. Co. v. Smith, 78 S. W., 160; Jarvis v. Satterwhite, 3 Ky. Law Rep., 190; Dillon v. Crook & Co., 11 Bush, 321; Curtis v. Noonan, 10 Allen, 406; 7 Wait's Actions and Defenses, pp. 195, 202 and 209.)

4. Where the owner of property, while said premises are vacant, grants to one, by an instrument in writing, the privilege of painting and maintaining a sign upon the wall of said property for a recited consideration, and for a definite and stated period, the subsequent leasing of the same property to another "as a wholesale and retail liquor house and living rooms above," without referring to the prior privilege, does not amount to a revocation of such prior privilege. (Dillon v. Crook & Co., 11 Bush, 321; O. J. Gude Co. v. Farley [Sup.], 58 N. Y. Sup., 1036.)

OPINION BY JUDGE SETTLE—Affirming.

J. M. Heissman is the owner of a business house and lot, known as No. 929 West Broadway, in the city of Louisville. By the following writing she granted to the "2 Jakes Sign Company," for one year from June 20, 1903, with the option of four years in addition, the right to use the west wall of the building for advertising purposes:

"The 2 Jakes Sign Co., Louisville, Ky. Wall space. June 20th, 1903. In consideration of four ($4.00) cash dollars payable in advance   the receipt of which is hereby acknowledged, I, the undersigned lessor, hereby rent to lessee the entire west wall of my building located at 929 West Broadway St., for advertising purposes from June 20th, 1903, to June 20, 1904, and for the sum of one dollar additional, the receipt of which is hereby acknowledged, I grant them the option of renewal of said lease for a period of four years at five dollars per annum after June 20th, 1904. In case said space should become obstructed to view by building, this contract shall, at the option of lessee, become void, and lessor agrees to rebate rent pro rata for its unexpired term. M. Heissman, Owner, W. Market Street. Heissman, Lessor.

"Accepted June 20th, 1903.   2 Jakes Sign Co., by A. L. Gribble."

Appellee, the Louisville Gunning System, as the successor of the "2 Jakes Sign Company" in the advertising business, became the assignee of its right to the use of the west wall of the Heissman building for advertising purposes and of the option as to the four additional years granted by the foregoing instrument of writing. Pursuant to this option appellee, on the 11th of June, 1904, demanded and received of M. Heissman a writing granting to it the right to use for advertising purposes the west wall of her build-

ing for one year from June 20, 1904, with the option, for a like consideration, of continuing such use for the same purpose from year to year, for the four succeeding years. The writing last mentioned is as follows:

· "The Louisville Gunning System, Louisville, Ky., June 11th, 1904. In consideration of five ($5.00) dollars in hand. paid, the receipt of which is hereby acknowledged, and in repainting Beechman's sign as it is at present, M. Heissman, the undersigned lessor, having full right and authority in the premises, hereby leases to the Louisville Gunning System (Incorporated), lessee, its successors and assigns, the entire west wall of the building and premises known as 929 West Broadway street, for advertising purposes, from the 20th day of June, 1904, to the 20th day of June, 1905. The lessee is hereby granted the privilege of necessary access through and upon the premises, and, shall have the option of continuing this lease for a like consideration from year to year for the four succeeding years. Should the view of said space become in any way obstructed, this lease may at the option of the lessee be terminated, and in such case the lessor shall refund pro rata the rent for the unexpired term. The lessor warrants the title to said leasehold for the term herein mentioned. M. Heissman, Owner, Tenant, Agent, Address 1744 Broadway, by A. Marcus.

"Accepted. The Louisville Gunning System, by B. G. Gribble."

At the time this instrument of writing was executed, the building therein mentioned was unoccupied, but on the 16th day of August, 1904, Mrs. Heissman, also in writing, leased the property to Hilmer Ehr-

man for a term of five years, to be used "as a whole-sale and retail liquor house, and living rooms above." In September, 1904, Ehrman sublet the property to appellant, Louis Levy, for the same use. Appellant took possession of the property in September, 1904, and soon after doing so obliterated from the west wall appellee's sign, advertising "Edinger's Flour," and on the same space placed his own sign, which appellee in turn destroyed by repainting over it the words "Edinger Flour," whereupon appellant again painted his sign over the "Edinger Flour" and immediately instituted this action in equity to enjoin appellee from interfering with his sign or further using the wall for advertising purposes.

The answer of appellee contained a general denial in one paragraph, and in another it was alleged that it had leased from the owner of the property, prior to appellant's and his assignee's lease, the wall in controversy for advertising purposes, for which it paid a valuable consideration. The answer interposed the further defense that appellant and his assignor, at the time of leasing the property of Heissman, had notice of the right of appellee to the use of the west wall for advertising purposes. By an amended answer appellee set out with greater particularity the terms of the writing executed to it by M. Heissman June 11, 1904, filed same as part of the answer, and averred that, after its execution by Heissman and delivery to appellee, it (appellee) took and retained possession of the wall in controversy and went to considerable expense in painting advertisements thereon; that appellee's right to the use of the wall was not revoked or affected by the leasing of the property to appellant's assignor, or the subletting of the same by the latter to appellant.

The amended answer also relied on the knowledge on the part of appellant, when he leased the building of appellee's right to the use of the wall and of the expense it had incurred in painting advertisements thereon, as an estoppel and bar to the action.

The testimony used upon the trial of the case was by consent of the parties presented in the form of affidavits. The chancellor, finding no merit in appellant's complaint, dissolved the temporary injunction and dismissed his petition. It is appellant's contention that the writing under which appellee asserts right to the use of the wall for advertising purposes is not a lease, but that it merely granted it a license to use the wall; that such a license may be revoked at the will of the licensor; and that it was revoked by the licensor when she leased the property to appellant's assignor and failed to mention in the lease the licensee's right to the use of the wall.

The form of the writing, the use therein of such words as "lease" and "rent," the fact that it is for a definite period and a recited consideration; that it provides for an abatement of rent in case of an obstruction of the wall by other buildings, also for "necessary access through and upon the premises" by appellee, and that "the lessor warrants the title to said leasehold for the term herein mentioned," demonstrate that the writing was intended as a lease. But, whether it be entitled a lease or license, it is not revocable at the will of the lessor. The right it confers is in the nature of an easement as well as a license, and a written contract for an easement in real property, founded upon a consideration and executed by the owner, gives a greater right than a mere revocable license. We do not think the fact that the privilege granted appellee by this writing was not

reserved or mentioned in the writing by which the property was subsequently leased by the owner to appellant's assignor, Ehrman, amounted to a revocation. Upon the other hand, the fact that it was not mentioned in the lease to Ehrman furnishes some evidence that it was not the intention of the lessor to revoke it.

In 18 Am. & Eng. Ency. of Law, 2d Ed., p. 1144, it is said: "The rule is that if there is a license simply, not coupled with an interest in the land, it may be revoked at any time, even though it is under seal, and according to some cases, though founded upon a consideration; but the weight of authority is against the latter view. Licenses are usually divided into executory and executed licenses, a distinction which is of importance as bearing on the right of the licensor to revoke the license. A license may, if executed in proper form, take effect as a grant as to some things and as a mere license as to others.'" (7 Wait's A. & D., 202.)

"It is not essential that the interest should be in the thing to which the right given relates, or on which it is to be exercised. All that is necessary is that the licensor should have conferred, or that the licensee should possess, some estate or interest which depends on the continuation of the license and can not be enjoyed if it is terminated. It is not necessary that it should be an absolute interest." (7 Wait's A. & D., 209; Jarvis v. Satterwhite, 2 Ky. Law Rep., 436; 3 Kent Com., 452; O. J. Gude Co. v. Farley (Sup.), 58 N. Y. Supp. 1436; Dillon v. Cook, 11 Bush, 321.)

It appears from the record that appellant and his assignor, Ehrman, had notice of the right of appellee to the use of the wall for advertising purposes

Levy v. Louisville Gunning System.

when they leased the property, and that appellee had gone to expense in placing its advertisements on the wall, so in this view of the matter appellant is not on solid ground for asking equity. (Pevey v. Skinner, 116 Mass., 129.) We think the great weight of authority is to the effect that under most circumstances a naked license may be revoked at the pleasure of the licensor but an executed license for a term and for a consideration can not be revoked; and the proof fails to show that even an attempt to revoke the license to appellee has been made by the licensor in this case. We do not find that the authorities relied on by counsel for appellant, which declare a mere license may be revoked at any time, hold such an instrument as that relied on by appellee revocable at the will of the licensor.

Regarding the conclusions expressed in the able opinion of the chancellor as sound and just, the judgment is affirmed.