(70 Misc. Rep. 608.)

### BOROUGH BILL POSTING CO. v. LEVY et al.

(Supreme Court, Special Term, Kings County. February, 1911.)

SPECIFIC PERFORMANCE (§ 64*)—CONTRACT FOR USE OF LAND.
　　Where a license to use real estate for advertising purposes was given for a valuable consideration, to be enjoyed for a specified period, the court will decree specific performance.
　　[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 191–198; Dec. Dig. § 64.*]

Action by the Borough Bill Posting Company against Joseph Levy and the American Bill Posting Company. Motion for injunction granted, and in counter action dissolved.

Joseph A. Keenan and Peter P. Smith, for plaintiff.
Hugo Hirsh, for defendants.

MAREAN, J. A lease is an executed grant of an interest in the property leased, and it is in its nature incapable of recall. A license is a mere present permission to do acts upon the property; the title and the technical possession remaining in the licensor. But if a licensor for a valuable consideration has promised in substance that the license shall be continued for a specified term, while he has the physical power to break that promise, as he may break any executory

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

promise, and being in possession effectually refuse to permit the specified acts to be done, the licensee has his remedy in damages, or in a proper case by way of specific performance and damages.

Breaches of contract for the use of real property have always been regarded as not susceptible of adequate compensation in damages; the subject-matter having nowhere in the world its exact fellow. There was in this case, in effect, a promise by the owner, for a valuable consideration, to the Borough Company that it would be permitted to maintain billboards, etc., upon the premises for a year, and the entire consideration has been paid. Such a contract must be specifically enforced. The American Bill Posting Company evidently took its lease with notice of the rights of the Borough Company.

Injunction continued. In the counter action, the injunction is dissolved, and $10 costs in each case.