Thos. Cusack Company, Appellee, v. J. R. Myers, Appellant, et al.

**EASEMENTS:** Naked License and Contract Therefor Distinguished.
1  A naked license, without consideration therefor, is revocable at pleasure.  A contract for an easement on a consideration paid in advance is not so revocable.

**INJUNCTION:** Restraint of Continuing Trespass.  An injunction
2  will lie to restrain defendant from painting signs on walls for the use of which for like purposes plaintiff has paid a valuable consideration in advance.

**INJUNCTION:** Motion to Dissolve as Involving the Merits.  A
3  motion to dissolve an injunction does not necessarily raise an issue which goes to the merits.

*Appeal from Webster District Court.—R. M. Wright, Judge.*

July 6, 1920.

Defendant appeals from an order refusing to dissolve a temporary writ of injunction.—*Affirmed.*

*Kenyon, Kelleher & Hanson,* for appellant.

*Price & Burnquist,* for appellee.

Stevens, J.—I.  The defendant J. R. Myers appeals from the order of the court overruling a motion to dissolve a temporary writ of injunction.  Upon the petition of plain-

1. EASEMENTS:
naked license
and contract
therefor distinguished.

tiff, a corporation engaged in the business of sign painting and advertising for others, for an injunction to restrain the defendant Myers, who is engaged in a like business, from painting signs upon the walls of various buildings in

the city of Fort Dodge, upon which signs painted by plaintiff were displayed, a temporary writ was ordered by the judge in vacation, without notice to the defendant. The defendant Myers alone appeared, shortly after the writ was issued and served, and filed an answer, admitting that he had entered into contracts in writing with the owners or tenants of the respective buildings referred to in plaintiff's petition, granting him the privilege of placing advertising upon the wall space occupied by the signs placed thereon by plaintiff, and that he claimed the right, under said contracts, to use said wall space; and also filed a motion to dissolve the temporary writ.

Evidence was offered orally upon the hearing of the motion to dissolve, from which it appears that a contract in writing was entered into between plaintiff and each of the following named persons, who are joined as defendants herein, for the right to paint signs upon the walls of certain buildings owned or occupied by them, to wit: With Colby Bros., dated August 12, 1917; with Julius & Awe, dated August 1, 1917; with J. A. McIntyre, dated August 15, 1917, each for one year; with Hoffman & Piesinger, T. F. Taff, Sackett & Haire Drug Company, Smith Bros., and Wafful & Welty, dated June 1, 1917, and expiring June 1, 1918. The contracts were identical in form, and contained a provision granting plaintiff the privilege of occupying the premises on like terms from year to year, for a period of not to exceed five years. Each contract also recited and acknowledged the receipt of a consideration of from $5.00 to $10. Written contracts dated after June 1, 1918, reciting a consideration of from $5.00 to $25, and granting defendant the privilege of using the wall space in question, duly signed by the owner or occupant of said buildings, were entered into with the defendant Myers. These contracts contain a provision for the annual renewal and extension thereof.

It further appears from the evidence that a representative of plaintiff came to Fort Dodge on or about June 18, 1918, for the purpose of renewing the several contracts

above referred to, when he found the advertisements placed on the walls of the buildings painted out, and a sign of the Pillsbury Milling Company placed thereon. Near the bottom of the signs displayed by plaintiff were written the words, "Thos. Cusack Co.," for the purpose of indicating the advertising agency using the space. It is also claimed, and this the evidence tends to show, that the agent of defendant, who was a foreman, and in charge of a force of painters, knew of the contracts between plaintiff and his codefendants, and that, as he had formerly been employed by plaintiff in the same capacity, he was familiar with the form of contract used.

The grounds of defendants' motion to dissolve the injunction are, in substance, that the contracts in question were naked licenses, revocable at the pleasure of the grantors; that several of them had expired before contracts were made with defendant, and that no right of renewal, therefore, existed; that the allegations of plaintiff's petition clearly show that it has an adequate remedy at law for damages, and no grounds of equitable cognizance are alleged therein. The motion asks the dissolution of the writ generally, and does not ask for a modification thereof; so that the only question presented for our decision is whether the court abused its discretion in refusing to dissolve the injunction. *Brody v. Chittenden*, 106 Iowa 340.

As already stated, each contract referred to was for one year, for a fixed consideration, paid in advance; and it would seem to be immaterial whether it be treated as a lease, a license, or a simple contract to use the wall space for advertising purposes for a definite period. The right of the grantor to revoke a mere naked license may be conceded, so far as the merits of this appeal are involved. The owner of a building who makes a contract, for a valid consideration, to permit another to display advertising thereon, is as much bound by the terms thereof as he would be by any other contract. The authority, or right, to use the walls in question is not merely permissive, but amounts at least to the grant of a right in the nature of an ease-

ment. *Levy v. Louisville Gunning System*, 121 Ky. 510 (1 L. R. A. [N. S.] 359) ; *Willoughby v. Lawrence*, 116 Ill. 11; *Borough Bill Posting Co. v. Levy*, 70 Misc. Rep. 608 (129 N. Y. Supp. 181) ; *Cusack v. Gunning System*, 109 Ill. App. 588. The exact question under consideration was only indirectly involved in several of the cases cited by counsel for appellant, and none of them appears to sustain their claim that the grantor could revoke the contracts in question at will. Several of the cases cited are in the New York Supplement reports. In *Borough Bill Posting Co. v. Levy,* supra, the court held that specific performance of a license or contract to use real estate for advertising purposes, given for a definite period and for a valuable consideration, might be granted in a proper case. It is our conclusion that, as the contracts were based upon a consideration, and fully performed by plaintiff, they were not revocable at the will of the grantor, but that he was bound by the terms thereof.

II. The signs painted by plaintiff advertised the products of various concerns by which it was employed as an advertising agency, the terms of which are not shown. The effect, however, of the action of defendant complained of was to exclude plaintiff from the use of at least three of the spaces provided for in its contracts for several months, and it is in the nature of a continuing trespass. Whether an adequate measure of damages is provided in the action by plaintiff against the party violating his contract, we are, upon the record before us, unable to say; but we have no doubt that the court might very properly enjoin the defendant from excluding the plaintiff from exercising its rights under the contracts shown, or from interfering therewith during the pendency of the case for trial on the merits. *Tantlinger v. Sullivan*, 80 Iowa 218; *Halpin & Co. v. McCune*, 107 Iowa 494; *City of Council Bluffs v. Stewart*, 51 Iowa 385; *Chamberlain v. Brown*, 144 Iowa 601. The defendant, in his answer, insists upon the right to destroy the advertising of plaintiff, and to deprive it of the benefits of its contract.

2. INJUNCTION: restraint of continuing trespass.

Whether the plaintiff had the right, un-
der its several contracts, to renew and ex-
tend the same, without electing to do so, by
tendering the consideration agreed upon be-
fore the expiration of the period of one year, or whether
a right superior to that of defendant was acquired by plain-
tiff by the renewal and extension of certain of the contracts,
goes to the merits of the controversy, and is not raised by
a motion to dissolve the injunction generally. *Brody v.
Chittenden*, supra; *Wingert v. City of Tipton*, 134 Iowa 97;
*Swan v. City of Indianola*, 142 Iowa 731.

3. INJUNCTION: motion to dissolve as involving the merits.

We need not, in view of this fact, consider the conten-
tion of counsel for appellant that the renewal provision of
the several contracts is unenforcible for want of mutuality.
It is our conclusion that the record fails to disclose that
the court abused its discretion in refusing to dissolve the
temporary writ, and, therefore, its finding and order there-
on is—*Affirmed*.

WEAVER, C. J., LADD and GAYNOR, JJ., concur.