### JULIA GROSS *vs.* MAX COHEN.

Suffolk.    October 19, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Agency,* Ratification of acts of agent. *Landlord and Tenant.*

The bringing by the lessor named in a lease in writing and under seal of an action against the lessee for breach of the contract to pay rent is a ratification by the lessor of the signing, sealing and delivery of the lease in his name, although it was so executed and delivered by one who had no authority to do so.

The execution and delivery of a lease of real estate on behalf of the lessor by one who had no authority so to do may be ratified by the lessor although the instrument contains no statement that it was executed by an agent.

CONTRACT for rent alleged to be due under a lease in writing and under seal. Writ in the Police Court of Chelsea dated December 21, 1917.

On appeal to the Superior Court, the action was tried before *Fox,* J. It appeared that the lease was signed and sealed in behalf of the plaintiff by her sister-in-law, who testified that she had authority in writing to do so, but that she did not know whether such authority was under seal. The authority in writing was not produced. Other material evidence is described in the opinion.

At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered for him. At the request of the plaintiff and subject to exceptions by the defendant, the judge ruled as follows:

"1. Where a lease of real estate is executed by an agent of the lessor in the lessor's name and he affixes thereto a seal where none is required (the lease being one for one year with the option for another year), this does not render the lease invalid although the agent's authority is not under seal.

"2. The authority to execute a lease of real estate for one year, with the option for another year, need not be in writing. Parol authority is sufficient."

The defendant asked for and the judge refused the following rulings:

"1. The written lease under seal upon which the plaintiff has brought suit was not signed by the plaintiff or by any one having legal authority so to do.

"2. The authority of the agent to sign the principal's name, in the absence of the principal, to an instrument under seal, must in itself be in writing and under seal.

"3. A general authority given by parol by the plaintiff to Rosie Gross to sign any paper or document which said Rosie Gross might see fit to sign in the name of the plaintiff is not sufficient to authorize the execution of the lease under seal upon which suit is brought."

The jury found for the plaintiff in the sum of $272.25; and the defendant alleged exceptions.

*R. W. Frost,* for the defendant.

*A. M. Graham,* for the plaintiff.

JENNEY, J. This is an action upon a lease under seal purporting to have been made by Julia Gross, the plaintiff, to Max Cohen, the defendant, and to Max Ruben, who is not a party to this proceeding.

The defendant occupied the demised premises as lessee for five months, and paid the rent accruing under the lease for that time. There was no evidence as to why his occupation ceased. The plaintiff claims that she is entitled to recover the rent for seven months included in the term for which the lease was given, and for which no payment has been made. The defence is based

solely upon the contention that the instrument never was properly executed by the plaintiff or in her behalf.

Even if the person who admittedly signed the lease with the plaintiff's name had no authority so to do, the bringing of this action thereon by the plaintiff constituted a ratification of its execution. The defendant, so far as is shown by the record, had not attempted previous to that time to avoid the instrument, because of any lack of authority in the agent who executed it, if it be assumed, but not decided, that he could have repudiated the lease after he had enjoyed possession under it. He could not object to a ratification by the plaintiff. *Codman* v. *Hall,* 9 Allen, 335. *Ripley* v. *Cross,* 111 Mass. 41. *Clark* v. *Gordon,* 121 Mass. 330. See Mechem on Agency, §§ 513–524; 21 R. C. L. 922; 5 Am. St. Rep. 109, note. In Massachusetts, instruments executed by one person in behalf of another may be ratified by parol, even though a seal is necessary for their validity. *McIntyre* v. *Park,* 11 Gray, 102. *Holbrook* v. *Chamberlin,* 116 Mass. 155. *Rand* v. *Farquhar,* 226 Mass. 91, 97. See also *Kostopolos* v. *Pezzetti,* 207 Mass. 277; *Albiani* v. *Evening Traveler Co.* 220 Mass. 20. The institution of an action in which the plaintiff sought to enforce rights under an instrument purporting to be made in her name was a clear election to be bound by and to rely upon its terms, and consequently, as a matter of law, a ratification thereof. *Finney* v. *Fairhaven Ins. Co.* 5 Met. 192. *Clews* v. *Jamieson,* 182 U. S. 461, 483. *Shoninger* v. *Peabody,* 57 Conn. 42. *Grafton* v. *Follansbee,* 16 N. H. 450. The instrument could be ratified, although it did not purport to be executed by an agent. *Merrifield* v. *Parritt,* 11 Cush. 590. *Greenfield Bank* v. *Crafts,* 4 Allen, 447. *Bartlett* v. *Tucker,* 104 Mass. 336, 339.

The plaintiff having ratified the lease declared upon, the question of the original authority of the agent to execute it is immaterial. The defendant was not injured by the refusal of his requests, all of which related only to that subject. A verdict could not have been ordered rightly for the defendant for the reasons stated.

*Exceptions overruled.*