FRANK ALFANO *vs.* MARY J. DONNELLY, trustee.

Suffolk. November 8, 9, 1933. — March 26, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Parties, Findings by judge. *Trust,* Personal liability of trustee. *Contract,* Parties, In writing, Under seal. *Trade Name. Agency,* Scope of authority. *Landlord and Tenant,* What constitutes lease.

The addition, to the name of the defendant in the writ in an action at law, of an allegation that he was "trustee under" a will, and that he was "doing business under" a certain name, was surplusage: in contemplation of law such action was against the defendant as an individual.

The principle of law, that authority to sign a sealed instrument must be given under seal, is subject to the exception, that unsealed authority suffices for the execution in the name of the principal of an instrument which the law does not require to be sealed, although in fact it is sealed.

A lease of real estate for not more than seven years from the making thereof does not require a seal.

An action of contract was for money alleged to be due under an instrument in writing by which the plaintiff "doth hereby Demise and Lease" to the defendant "the roof of" a certain building for five years at a stated rental. A provision of the instrument was: "This instrument shall be construed as a lease and not merely as a license"; and it bore no seal, but declared that the parties "have hereunto set their hands and seals." One of the signatures thereto was a trade name under which the defendant did business, "by" one who had authority from the defendant, not under seal, to affix that signature. *Held,* that

(1) The signing of such trade name had the effect of a signature in the name of the defendant;

(2) The instrument, although in form a sealed instrument by reason of G. L. (Ter. Ed.) c. 4, § 9A, might be enforced as an unsealed contract;

(3) The instrument should be given effect as a lease.

A failure by the trial judge, in the action above described, to state whether he based his findings and rulings, including a finding for the plaintiff, upon a conclusion that such instrument was a lease, or on a conclusion that it was a mere license, did not harm the defendant since any facts which the judge possibly could have found from the evidence leading to the finding for the plaintiff on a theory that the instrument was a license, including the amount of damages, would equally have required a finding for the plaintiff on the correct theory that it was a lease.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 4, 1932.

The action was heard in the Municipal Court by *Good*, J. Material evidence is stated in the opinion. There was a finding for the plaintiff in the sum of $225, and a report to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*J. M. Maloney*, for the defendant.

*S. B. Simmons*, for the plaintiff.

LUMMUS, J. The writ in this action of contract describes the defendant as "Trustee under the will of Edward C. Donnelly, doing business under the firm name and style of John Donnelly & Sons." Strictly, all that is surplusage. Apart from statute, common law practice knows no such thing as an action against a trustee in his trust capacity. Executors and administrators, sued for debts of the deceased, are wholly different. In contemplation of law, the present action is against Mary J. Donnelly individually, and if she is liable judgment will be rendered against her as an individual. *Carr* v. *Leahy*, 217 Mass. 438, 440. *Gardiner* v. *Rogers*, 267 Mass. 274, 278. *Larson* v. *Sylvester*, 282 Mass. 352. Compare the rule in equity, *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 198. The allegation, that the defendant is doing business in a certain name, amounts to an allegation that contracts made by her in that name bind her and merely forecasts proof that could be made without the allegation.

The declaration is upon a written instrument by which the plaintiff "doth hereby Demise and Lease" to the defendant "the roof of the building numbered 1–3 on Chelsea Street in East Boston. . . . for the term of Five years" beginning January 1, 1931, at a rental payable in semi-annual payments of $75 each, beginning January 2, 1931. The evident intention was that the defendant should use the roof for advertising purposes. Since the signing of the instrument the defendant has removed structures which she had on the roof under an earlier use or occupancy, and has not again used the roof. But there was no evidence of surrender, or eviction, or repudiation of the contract

on either side. Nothing has been paid by the defendant under the instrument. This action was begun on April 4, 1932, to recover three semiannual payments of $75 each, with interest. The trial judge found for the plaintiff for the amount claimed in the declaration, denying several requests for rulings presented by the defendant. The Appellate Division dismissed a report, and the defendant appealed to this court.

The instrument bore no seal, but declared that the parties "have hereunto set their hands and seals," and consequently was in form a sealed instrument under St. 1929, c. 377, § 2 (G. L. [Ter. Ed.] c. 4, § 9A). The signature which is alleged to be that of the defendant reads: "(John Donnelly & Sons)  By I. J. Kennedy  R. H. Hager Operating Department Real Estate Division." It is conceded that the defendant was doing business under the name John Donnelly & Sons, and consequently the signing of that name had the effect of a signature in the name of the defendant. There was evidence that the agents who affixed that signature for the defendant had authority to do so, but there was no evidence that such authority had been given under seal.

The defendant relies upon the ancient but still vital principle that authority to sign a sealed instrument must be given under seal. *Bretta* v. *Meltzer,* 280 Mass. 573, 576, and cases cited. Williston, Contracts, § 275. Am. Law Inst. Restatement: Agency, § 28. One of the recognized exceptions to that principle is, that unsealed authority suffices for the execution in the name of the principal of an instrument which the law does not require to be sealed, although in fact it is sealed. *Tapley* v. *Butterfield,* 1 Met. 515. *Milton* v. *Mosher,* 7 Met. 244. *Sherman* v. *Fitch,* 98 Mass. 59, 63, 64. *Blanchard* v. *Blackstone,* 102 Mass. 343, 347. See also *Seretto* v. *Schell,* 247 Mass. 173; *Gross* v. *Cohen,* 236 Mass. 468. "In such a case there is no sealed instrument since the seal cannot be regarded as that of the principal, yet the document shows an intent to contract on the part of the principal through an agent authorized to express such intent, though not authorized to covenant

under seal." Williston, Contracts, § 275. A lease of real estate for not more than seven years from the making thereof does not require a seal, any more than does a contract for a license. *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. *Shaw* v. *Farnsworth*, 108 Mass. 357. *Eastman* v. *Perkins*, 111 Mass. 30. *Porter* v. *Merrill*, 124 Mass. 534. *Duncklee* v. *Webber*, 151 Mass. 408, 411. *Kostopolos* v. *Pezzetti*, 207 Mass. 277, 279. Taylor, Landlord & Tenant (9th ed.) §§ 26–29. Browne, Statute of Frauds (5th ed.) §§ 6, 7. We do not consider the matter as to leases for more than seven years. Compare G. L. (Ter. Ed.) c. 183, § 4, with the older form of the statute, Gen. Sts. c. 89, § 3. It follows that the written instrument in this case may be enforced as an unsealed contract.

Except possibly with respect to the measure of damages (but see *Buffington* v. *McNally*, 192 Mass. 198, 203; *International Textbook Co.* v. *Martin*, 221 Mass. 1), it is of no importance whether the written instrument in this case is a lease or a license. The form of action, contract upon a written instrument, among other functions takes the place of the common law action of special assumpsit upon such an instrument, and is adapted to recovery upon either view. G. L. (Ter. Ed.) c. 231, §§ 1, 7, Eleventh. But it is clear that the written instrument is a lease, and that we ought to give effect to the provision in it that "This instrument shall be construed as a lease and not merely as a license." Even if the trial judge thought otherwise, any facts that he could possibly have found from the evidence leading to a finding for the plaintiff on the theory of a license would equally have required a finding for the plaintiff on the correct theory of a lease. Therefore his failure, though requested, to state which of these theories he adopted, did not harm the defendant. Under the correct theory, at any rate, his assessment of damages in the full amount claimed in the declaration was right.

What has been said disposes of all the requests for rulings. No error appears.

*Order dismissing report affirmed.*