BASEBALL PUBLISHING CO. *vs.* MATTIE B. BRUTON.

Suffolk.    February 9, 1938. — December 30, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Easement. Equity Jurisdiction,* Equitable easement. *Landlord and Tenant,* What constitutes lease. *License. Contract,* Construction, To give license, To give easement.

An unsealed instrument, signed by an owner of a building and reciting that for a stated consideration he agreed to give an advertising company "the exclusive right and privilege to maintain" a sign on the wall of the building "for a period of one year with" a privilege of renewal "from year to year for four years more," was not a lease of the wall although so entitled nor a mere license or contract to give a license, but was enforceable in equity as a grant of an easement in gross for a term limited to five years.

BILL IN EQUITY, filed in the Superior Court on February 26, 1937, and afterwards amended.

The suit was heard by *Dowd,* J., by whose order a final decree was entered on November 2, 1937, directing the defendant to effectuate renewals "of the contract here in suit so that" it "will remain in force up to and including November 10, 1937"; enjoining the defendant from interfering with the plaintiff's advertising sign in accordance with the contract so renewed; assessing damages in the sum of $92.47 and directing their payment to the plaintiff, and awarding the plaintiff costs. The defendant appealed.

*A. W. Wunderly,* for the defendant.

*W. B. Sleigh, Jr.,* for the plaintiff.

LUMMUS, J. The plaintiff, engaged in the business of controlling locations for billboards and signs and contracting with advertisers for the exhibition of their placards and posters, obtained from the defendant on October 9, 1934, a writing signed but not sealed by the defendant whereby the defendant "in Consideration of $25.00 . . . agrees to give" the plaintiff "the exclusive right and privilege to maintain advertising sign one 10′ x 25′ on wall of building 3003 Wash-

ington St." in Boston, owned by the defendant, "for a period of one year with the privilege of renewal from year to year for four years more at the same consideration." It was provided that "All signs placed on the premises remain the personal property of the" plaintiff. The writing was headed "Lease No. —." It was not to be effective until accepted by the plaintiff.

It was accepted in writing on November 10, 1934, when the plaintiff sent the defendant a check for $25, the agreed consideration for the first year. The defendant returned the check. The plaintiff nevertheless erected the contemplated sign, and maintained it until February 23, 1937, sending the defendant early in November of the years 1935 and 1936 checks for $25 which were returned. On February 23, 1937, the defendant caused the sign to be removed. On February 26, 1937, the plaintiff brought this bill for specific performance, contending that the writing was a lease. The judge ruled that the writing was a contract to give a license, but on November 2, 1937, entered a final decree for specific performance, with damages and costs. The defendant appealed. It is stipulated that on November 3, 1937, the plaintiff tendered $25 for the renewal of its right for another year beginning November 10, 1937, but the defendant refused the money.

The distinction between a lease and a license is plain, although at times it is hard to classify a particular instrument. A lease of land conveys an interest in land, requires a writing to comply with the statute of frauds though not always a seal (*Alfano* v. *Donnelly*, 285 Mass. 554, 557; *Mayberry* v. *Johnson*, 3 Green, 116), and transfers possession. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 406. A license merely excuses acts done by one on land in possession of another that without the license would be trespasses, conveys no interest in land, and may be contracted for or given orally. *Cook* v. *Stearns*, 11 Mass. 533, 538. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 107. *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 479. A lease of a roof or a wall for advertising purposes is possible. *Alfano* v. *Donnelly*, 285 Mass. 554, 557. The writing in

question, however, giving the plaintiff the "exclusive right and privilege to maintain advertising sign . . . on wall of building," but leaving the wall in the possession of the owner with the right to use it for all purposes not forbidden by the contract and with all the responsibilities of ownership and control, is not a lease. *Gaertner* v. *Donnelly*, 296 Mass. 260, and cases cited. *Reynolds* v. *Van Beuren*, 155 N. Y. 120. The fact that in one corner of the writing are found the words, "Lease No. —," does not convert it into a lease. Those words are merely a misdescription of the writing. *R. H. White Co.* v. *Jerome H. Remick & Co.* 198 Mass. 41, 46. *Taylor* v. *R. C. Maxwell Co.* 31 Fed. (2d) 711. *King* v. *David Allen & Sons, Billposting, Ltd.* [1916] 2 A. C. 54, 59.

Subject to the right of a licensee to be on the land of another for a reasonable time after the revocation of a license, for the purpose of removing his chattels (*Arrington* v. *Larrabee*, 10 Cush. 512; *Giles* v. *Simonds*, 15 Gray, 441; *Delaney* v. *Root*, 99 Mass. 546; *McLeod* v. *Jones*, 105 Mass. 403; *Hill* v. *Cutting*, 107 Mass. 596; *Smith* v. *Hale*, 158 Mass. 178, 183; Am. Law Inst. Restatement: Torts, §§ 176, 177), it is of the essence of a license that it is revocable at the will of the possessor of the land. *Cheever* v. *Pearson*, 16 Pick. 266, 273. *Ruggles* v. *Lesure*, 24 Pick. 187. *Stevens* v. *Stevens*, 11 Met. 251. *Owen* v. *Field*, 12 Allen, 457. *Hodgkins* v. *Farrington*, 150 Mass. 19, 21. *Mason* v. *Albert*, 243 Mass. 433, 437. Am. Law Inst. Restatement: Torts, §§ 167–171. The revocation of a license may constitute a breach of contract, and give rise to an action for damages. But it is none the less effective to deprive the licensee of all justification for entering or remaining upon the land. *Burton* v. *Scherpf*, 1 Allen, 133. *Drake* v. *Wells*, 11 Allen, 141, 143. *White* v. *Maynard*, 111 Mass. 250. *Hill* v. *Hill*, 113 Mass. 103, 105. *Fletcher* v. *Livingston*, 153 Mass. 388, 390. *Stager* v. *G. E. Lothrop Theatres Co.* 291 Mass. 464. *King* v. *David Allen & Sons, Billposting, Ltd.* [1916] 2 A. C. 54. Compare *Hurst* v. *Picture Theatres, Ltd.* [1915] 1 K. B. 1.

If what the plaintiff bargained for and received was a license, and nothing more, then specific performance that

might compel the defendant to renew the license, leaving it revocable at will, would be futile and for that reason should not be granted.   5 Williston, Contracts (Rev. Ed.) § 1442.   Am. Law Inst. Restatement: Contracts, § 377. Specific performance that might render the license irrevocable for the term of the contract would convert it into an equitable estate in land, and give the plaintiff more than the contract gave.   *Cheever* v. *Pearson*, 16 Pick. 266, 273. *Poor* v. *Oakman*, 104 Mass. 309, 316.   *Wiseman* v. *Lucksinger*, 84 N. Y. 31, 42, 43.   *Crosdale* v. *Lanigan*, 129 N. Y. 604.   *Minneapolis Mill Co.* v. *Minneapolis & St. Louis Railway*, 51 Minn. 304, 313.   *King* v. *David Allen & Sons, Billposting, Ltd.* [1916] 2 A. C. 54, 62.   There can be no specific performance of a contract to give a license, at least in the absence of fraud or estoppel.   See *Polakoff* v. *Halphen*, 83 N. J. Eq. 126;   *McCarthy* v. *Kiernan*, 118 Ore. 55, 61. See also *Rohen* v. *Texas Co.* 266 Mass. 442;   *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 480, 481.

The writing in the present case, however, seems to us to go beyond a mere license.   It purports to give "the exclusive right and privilege to maintain" a certain sign on the defendant's wall.   So far as the law permits, it should be so construed as to vest in the plaintiff the right which it purports to give.   *Kaufman* v. *Federal National Bank of Boston*, 287 Mass. 97, 100, 101.   That right is in the nature of an easement in gross, which, whatever may be the law elsewhere, is recognized in Massachusetts.   *Goodrich* v. *Burbank*, 12 Allen, 459.   *Carville* v. *Commonwealth*, 192 Mass. 570. *American Telephone & Telegraph Co. of Massachusetts* v. *McDonald*, 273 Mass. 324.   *Jones* v. *Stevens*, 276 Mass. 318, 324.   We see no objection to treating the writing as a grant for one year and a contract to grant for four more years an easement in gross thus limited to five years.   Similar writings have been so treated in other jurisdictions.   *Thos. Cusack Co.* v. *Myers*, 189 Iowa, 190, 10 Am. L. R. 1104. *Rochester Poster Advertising Co. Inc.* v. *Smithers*, 224 App. Div. (N. Y.) 435.   Compare *King* v. *David Allen & Sons, Billposting, Ltd.* [1916] 2 A. C. 54.

An easement, being inconsistent with seisin in the person

owning it, always lay in grant and could not be created by
livery of seisin. *Randall* v. *Chase*, 133 Mass. 210, 214. It
is an interest in land within the statute of frauds and, apart
from prescription, requires a writing for its creation. G. L.
(Ter. Ed.) c. 183, § 3. *Cook* v. *Stearns*, 11 Mass. 533. In-
deed, the creation of a legal freehold interest in an easement,
apart from prescription, requires a deed. *Stevens* v. *Stevens*,
11 Met. 251, 256. *Morse* v. *Copeland*, 2 Gray, 302, 305.
*Curtis* v. *Noonan*, 10 Allen, 406, 409. *Brady* v. *Blackinton*,
174 Mass. 559, 562. And, differing from a lease of land
for not more than seven years (*Alfano* v. *Donnelly*, 285 Mass.
554, 557), a grant of an easement for as short a term as five
years apparently requires a deed in order to create a legal
interest. *Hewlins* v. *Shippam*, 5 B. & C. 221, 229, *et seq.*
*Wood* v. *Leadbitter*, 13 M. & W. 838. *Mayfield* v. *Robinson*,
7 Ad. & El. (N. S.) 486. *Cocker* v. *Cowper*, 1 Cr. M. & R.
418. See also *Somerset* v. *Fogwell*, 5 B. & C. 875; *Bird* v.
*Higginson*, 2 Ad. & El. 696; *Chadwick* v. *Covell*, 151 Mass.
190, 192; *Walker Ice Co.* v. *American Steel & Wire Co.* 185
Mass. 463, and especially Loring, J., at page 486. But in
equity a seal is not necessary to the creation of an easement.
Since equity treats an act as done where there is a duty to
do it enforceable in equity, or, as more tersely phrased,
equity treats that as done which ought to be done, an en-
forceable unsealed contract such as the writing in this case,
providing for the creation of an easement, actually creates
an easement in equity. Bowen, J., in *Dalton* v. *Henry Angus
& Co.* 6 App. Cas. 740, 782. *Frogley* v. *Lovelace*, Johns.
Ch. 333. *Lowe* v. *Adams*, [1901] 2 Ch. 598. *James Jones
& Sons, Ltd.* v. *Tankerville*, [1909] 2 Ch. 440. *Hurst* v.
*Picture Theatres, Ltd.* [1915] 1 K. B. 1. *Whipp* v. *Mackey,*
[1927] I. R. 372. Gale, Easements (11th ed. 1932), 70–73.
*Ashelford* v. *Willis*, 194 Ill. 492.

There is no error in the final decree granting specific per-
formance. The affirmance of this decree will not prevent an
assessment of the damages as of the date of the final decree
after rescript. *Rudnick* v. *Rudnick*, 281 Mass. 205, 208.

*Interlocutory decree overruling demurrer affirmed.*
*Final decree affirmed, with costs.*