RALPH VIGDOR & another *vs.* ARTHUR T. NELSON & another, trustees.

Suffolk.    October 10, 1947. — May 5, 1948.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant*, Modification of lease, Extension of lease, Sealing of lease. *Frauds, Statute of*. *Agency*, Undisclosed agency. *Trust*, Trustee's powers, Real estate trust, Lease of trust property.

A modification of a lease extending its term was effectively accomplished and satisfied the statute of frauds where, in accordance with an oral agreement between the parties for a longer term, one of them altered the statement of the term on both parties' duplicates of the lease and each thereafter kept his duplicate; it was unnecessary that they sign the duplicates again.

A lease for more than seven years need not be sealed.

A lease, executed by an authorized agent of two trustees in the name of only one of them but in fact in behalf of both, bound the unnamed trustee as an undisclosed principal.

Trustees of a real estate trust did not improperly delegate power to an agent to give a lease of business property in their behalf for a term

of ten years, which was within the life of the trust, where the trust instrument provided that they might "make such leases of the trust estate . . . as . . . [they] may think best" and might "employ such . . . agents, servants or other assistants as . . . [they] may think best."

BILL IN EQUITY, filed in the Superior Court on January 7, 1947.

The case was heard by *Cabot*, J.

In this court, the case was submitted on briefs.

*K. C. Tiffin*, for the defendants.

*D. Burstein*, for the plaintiffs.

WILLIAMS, J.   This is a bill in equity for a declaratory decree adjudicating the term of a written lease of premises at 668–672 Winthrop Avenue, Revere.   The defendants are Arthur T. Nelson and his wife, Gertrude L. Nelson, trustees of the "Investment Realty Company," a real estate trust established March 30, 1917, under a declaration of trust recorded with Suffolk deeds, book 4021, page 221.   They have appealed from a decree entered by order of a judge of the Superior Court who made certain findings of fact.   The evidence is reported.

The trust was formed for the purpose of acquiring, developing and managing real estate.   Arthur T. Nelson was the original trustee and transferable beneficial shares in the trust were held by members of the families of Arthur T. Nelson and William H. Nelson, his brother.   William was an attorney at law and acted as attorney and manager of the trust, receiving for his services a substantial salary.   The trust instrument, drawn by him, provided that "in case a vacancy is existing for a period of more than thirty days, a new trustee may be appointed by William H. Nelson upon the application of any party interested."   He purchased property, prepared mortgages, negotiated leases, collected rents and prepared tax returns.   Under his management the trust apparently prospered and by 1940 or shortly thereafter owned approximately one hundred buildings and had six hundred tenants.   William had the full confidence of Arthur.   The two shared offices and the bank account of the trust was carried in their joint names.

Arthur, because of absence in the government service or illness or both, resigned as trustee in August, 1942, and his wife, the defendant Gertrude L. Nelson, and another brother, Harris J. Nelson, were appointed trustees in his place. They authorized William to continue the management of the business as before and changed the bank account to stand in the names of Mrs. Nelson and William. William continued to sign most of the checks as he had done under Arthur's trusteeship. Mrs. Nelson and Harris knew little about the business and left its operation to William.

On June 11, 1943, the lease with which we are here concerned was executed in duplicate by the plaintiffs Ralph and Philip Vigdor and by William H. Nelson acting for the trust. As originally drawn and executed it purported to be a lease of the premises 668–670–672 Winthrop Avenue, Beachmont, for a café from H. J. Nelson, trustee, to Ralph Vigdor and. Philip Vigdor as joint tenants, for the term of three years beginning with the first day of July, 1943. The copy of the lease retained by William for the trust was signed by the plaintiffs; the copy retained by the plaintiffs was signed both by them and by William in the form "H. J. Nelson by William H. Nelson." In February, 1944, Ralph Vigdor asked William that the term be extended to five years as he and his brother Philip had expended much money on the premises. William gave his consent, and on the copy of the lease retained by him for the trust he crossed out the numeral 3 after the words "for the term of" and wrote in the numeral 5. Ralph did not have the lessees' copy with him but was authorized by William to make a similar change on that copy. Ralph in fact never made the change on his copy. A short time later, by agreement with his brother Philip, he came back to see William and asked that because of further heavy expenditures on the premises the term of the lease be extended to ten years. William again consented. Both copies of the lease then being before him, he changed the numeral 5 to 10 on the lessor's copy and the numeral 3 to 10 on the copy of the lessees. Thereafter the parties kept their respective copies. Early in 1946 Harris J. Nelson resigned as trustee and Arthur was appointed in his place,

thereafter serving with his wife Gertrude. On discovering the existence of the lease with the Vigdors, and the original term for which the lease was written, that is, three years from and after July 1, 1943, having expired, Arthur, contending that the Vigdors were then only tenants at will, notified them to vacate.

The judge has found that William H. Nelson "had full authority to execute leases for the defendants for any term of years which he saw fit, and upon any conditions that he saw fit, and he had, during all of the period up until February of 1946, authority to extend leases." Further he found "that he [William] had full authority to do all the acts which he did do in connection with the transactions here questioned."

The finding that William had authority to execute a lease for ten years is supported by the evidence and cannot be said to be plainly wrong. A lease for ten years was for a term well within the life of the trust which was to continue for a period of twenty years after the death of Arthur. There was evidence that in one previous instance William had executed a lease for twenty years, in two instances for fifteen years, and in another instance for ten years.

It is contended by the defendants that the extension of the lease was effected only by oral agreement and therefore is within the statute of frauds. In fact, by the changes made by William, the alteration in the term of the lease was in writing. A written lease may be modified by a subsequent writing so that the term is extended although no option of extension is given in the lease. By such modification the original demise is extended to cover the longer term named. *DeFriest* v. *Bradley*, 192 Mass. 346, 351. No necessity arose for the parties to re-sign the document. They could adopt their original signatures. The original signatures were sufficient. *Hawkins* v. *Chace*, 19 Pick. 502, 505. *Coddington* v. *Goddard*, 16 Gray, 436, 444. *Lerned* v. *Wannemacher*, 9 Allen, 412, 419. *Bartlett* v. *Drake*, 100 Mass. 174. *Freeland* v. *Ritz*, 154 Mass. 257, 259. *Welch* v. *Bombardieri*, 252 Mass. 84, 87. *Bresky* v. *Rosenberg*, 256 Mass. 66, 70, 73.

Both copies of the lease recite, before the signatures, "the said parties have hereunto set their hands and common seal the day and year first above written." No actual seal or seals were affixed but under G. L. (Ter. Ed.) c. 4, § 9A, the instruments may be considered as sealed. It has been intimated that the necessity of a seal on a written lease for over seven years is not free from doubt. See *Alfano* v. *Donnelly*, 285 Mass. 554, 557; *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 55, 58. Such doubt presumably arose from the language used in Gen. Sts. c. 89, § 3, from which the present G. L. (Ter. Ed.) c. 183, § 4, was derived. In that earlier statute it was provided that: "No bargain and sale or other like conveyance of an estate in fee simple, fee tail, or for life, and no lease for more than seven years from the making thereof, shall be valid and effectual against any person other than the grantor, and his heirs and devisees, and persons having actual notice thereof, unless it is made by a deed recorded as aforesaid." The word deed implies an instrument on which a seal is required. The present statute, G. L. (Ter. Ed.) c. 183, § 4, as appearing in St. 1941, c. 85, as to recording leases for over seven years makes no mention of a lease by deed. Leases for terms less than seven years are not required to be sealed, *Alfano* v. *Donnelly*, 285 Mass. 554, 557, and apart from the provisions of the former statute now superseded by G. L. (Ter. Ed.) c. 183, § 4, we see no occasion to require a seal on leases for a longer term. We conclude that the lease in the present case did not require a seal. The unnecessary addition of seals may be disregarded. *Sherman* v. *Fitch*, 98 Mass. 59. *Blanchard* v. *Blackstone*, 102 Mass. 343. *Cook* v. *Gray*, 133 Mass. 106, 111.

William H. Nelson as agent for the trustees Gertrude L. Nelson and Harris J. Nelson has purported to execute the lease in the name of only one of the trustees, "H. J. Nelson." In fact, however, it was made in behalf of both trustees. The other trustee, Gertrude L. Nelson, is an undisclosed principal. No seal to the lease being required she as well as her cotrustee is bound by the execution of the instrument by the duly authorized agent of the trust. *New England*

*Marine Ins. Co.* v. *De Wolf,* 8 Pick. 56.   *Milton* v. *Mosher,*
7 Met. 244.   *Lerned* v. *Johns,* 9 Allen, 419.   *Seretto* v. *Schell,*
247 Mass. 173.   *Ritson* v. *Atlas Assurance Co. Ltd.* 272 Mass.
73, 75.   *Norfolk County Trust Co.* v. *Green,* 304 Mass. 406,
409.

There remains to be considered the contention of the de-
fendants that the lease was executed by William H. Nelson
under an improper delegation of powers by the trustees.
Scott on Trusts, § 171.1.   *Boston* v. *Curley,* 276 Mass. 549,
562.   We assume that although both defendants partici-
pated in such alleged improper delegation, they as trustees
may make this contention in behalf of their beneficiaries.
The plaintiffs, however, are in the position of bona fide pur-
chasers.   While the book and page of record of the trust
instrument were not stated in the lease, the lessees might
have been able to trace the title of H. J. Nelson, the named
trustee, back to the recorded instrument of trust.   Inspec-
tion of it would have disclosed the powers of the trustee or
trustees to have been: ''Upon the acquiring and improve-
ment of property to hold said property and manage the
same and to collect all rents, revenues and profits therefrom
. . . to employ such counsel, clerks, officers, agents, serv-
ants or other assistants as he [they] may think best. . . .
To make such leases of the trust estate or any portion thereof
as he [they] may think best. . . .   This trust shall, unless
sooner terminated, continue during the life of the trustee
herein named, and a period of twenty years thereafter.''
The breadth of the authority actually vested in William by
the trustees was not thereby disclosed.   They had specific
authority, if such was necessary, to employ counsel and
agents.   Among proper charges of a trustee are disburse-
ments rightly made in the employment of agents and at-
torneys.   *Hayward* v. *Ellis,* 13 Pick. 272, 279.   *Ensign* v.
*Faxon,* 224 Mass. 145, 148.   *Hanscom* v. *Malden & Melrose
Gas Light Co.* 234 Mass. 374, 381.   *Rothwell* v. *Rothwell,*
283 Mass. 563, 571.   The fact of a ten year lease in itself
was not sufficient to put the plaintiffs on further inquiry.
No evidence was offered to show that such a lease of busi-
ness property was unusual or improper.   The plaintiffs have

acted in good faith and furnished a valuable consideration. The question of ratification has not been argued and need not be considered. But see *Kostopolos* v. *Pezzetti,* 207 Mass. 277; *Gross* v. *Cohen,* 236 Mass. 468.

The final decree declaring that the term of the lease is for ten years beginning July 1, 1943, is affirmed with costs to the plaintiffs of this appeal.

*So ordered.*