LAWRENCE J. SELIG *vs.* GEORGE KOPSIAFTIS & another.

Suffolk. January 9, 1970. — February 27, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Agency,* Ratification, Undisclosed principal, Sealed instrument. *Landlord and Tenant,* Sealed lease. *Husband and Wife,* Agency of spouse.

Where it appeared in a land title registration proceeding that a tenant in common gave her husband, the other tenant in common, a power of attorney to lease the premises which was not revoked or recorded in the registry of deeds, that he alone gave to the respondents a lease of the premises for a term of years in which his wife was not named as principal, that notice of the lease was promptly recorded, that subsequently the wife accepted monthly rental checks made out to her alone, and that she joined with her husband in a deed conveying the premises to the petitioner "subject to" the lease and assigning the lease to him, it was held that the wife clearly ratified her husband's act in giving the lease and that she was bound by it as an undisclosed principal, even though it was under seal, and that the lease was a valid encumbrance as against the petitioner.

PETITION for registration filed in the Land Court on October 8, 1965.

The case was heard by *Hettrick, J.*

*William C. Hays (Arthur W. Hughes, III,* with him) for the petitioner.

*Jack J. Moss* for the respondents.

REARDON, J. This is an appeal from a decision of the Land Court in proceedings brought under G. L. c. 185, as amended, to register title to certain land located in Waltham.

The petitioner denied in his petition that a certain lease of the said land to George and Frances Kopsiaftis created an encumbrance and sought registration of his title free from this lease as an encumbrance. However, the Land Court in a decision ruled that the petitioner was entitled to a decree registering title to all of the land described in the petition subject to the lease. A statement of agreed facts was incorporated in the decision, in which, after the taking of evidence, additional facts found by the judge were set forth. The facts are as follows.

The petitioner purchased the parcel of land with a building thereon as evidenced by a deed dated August 21, 1964, from George and Lulu V. Cross. On February 24, 1954, George Cross, at that time the sole owner, conveyed to his wife, Lulu V. Cross, an undivided one-half interest in the premises. On April 4, 1962, George Cross, acting as lessor, gave a lease of the parcel and building for a term of ten years, renewable for another ten years, to the respondents, a notice of which was recorded in the Middlesex South District registry of deeds on April 6, 1962. On April 13, 1960, in the presence of George Cross, Lulu V. Cross signed and acknowledged a power of attorney authorizing him to lease in her name and stead the land and building. This power was not revoked prior to the execution of the lease nor was it recorded. Subsequent to the execution of the lease Lulu V. Cross accepted various monthly rentals from the respondents pursuant to the terms of the lease.

The court found and ruled that upon the recording of the deed from George to his wife in 1954 they became tenants in common, that George Cross acted on behalf of his wife and himself when he executed the lease by which Lulu V. Cross was bound as an undisclosed principal, and that the petitioner had record notice of the lease. He further ruled that the petitioner's deed indicated that his grantors, the Crosses, "considered themselves as the lessors under this lease which was assigned to the petitioner." That deed contained the statement "[s]ubject to a lease to Frances Kopsiaftis and George Kopsiaftis a notice of which lease is

recorded in Middlesex South District Deeds in Book 10013 Page 66 which lease we hereby assign to the grantee."

The petitioner contends that the lease, of which he had constructive notice, was executed by only one of the two co-owners of the locus but that since the power of attorney was not recorded he cannot be charged with notice of it, that the alleged defect is not cured by the clause in the deed to which reference has been made, and that the non-joining tenant in common is left with a right to set aside the lease. This, he states, constitutes an inherent defect in the lease and, therefore, he is entitled to his title registration free and clear of it.

This appeal brings before us only questions of law apparent on the record, accepting the facts as true. The ultimate finding of the court must stand if upon all the facts and the reasonable inferences of which they are susceptible it is justified as a matter of law. *Rahilly* v. *Addison*, 350 Mass. 660, 662, and cases cited. The petitioner agrees that the 1954 deed created a tenancy in common. See *Cross* v. *Cross*, 324 Mass. 186. G. L. c. 184, § 7. Initially it may be stated that at the least the lease signed by George Cross was valid as to him, *Bova* v. *Clemente*, 278 Mass. 585, 588, even though it may have been voidable by his wife if it were shown that she had not joined in it. *Tainter* v. *Cole*, 120 Mass. 162, 164. However, the court found that the power of attorney to lease was given to George Cross by his wife. While the lease itself is silent on this power it appears to us that subsequent events determine the issue whether Lulu V. Cross was bound as an undisclosed principal. See *Vigdor* v. *Nelson*, 322 Mass. 670. She accepted rent checks which, as exhibits, we note to have been made out to her alone and she was a grantor in the deed to the petitioner which made specific reference to the lease and her joining in the assignment of it. This appears to us to constitute a clear ratification of her husband's act in giving the lease on the assumption, which we need not necessarily make, that she was not in any sense a party to the lease when it was given originally in 1962. Her actions constitute at the least

an election to be bound by and to rely upon the lease. *Gross* v. *Cohen*, 236 Mass. 468, 470. See *Kostopolos* v. *Pezzetti*, 207 Mass. 277. There was no error.

Since the lease was under seal, it has been argued to us that it cannot be ratified by Lulu V. Cross because she was not named therein as a principal. We are aware of cases to this effect. *Seretto* v. *Schell*, 247 Mass. 173, 176. *Berman* v. *Rowell*, 274 Mass. 260. *Moran* v. *Manning*, 306 Mass. 404. The application of the rule in the circumstances of this case would void a lease of which the petitioner had notice when he took title fourteen months before he petitioned for registration of his title. This result is not equitable. We hold that the undisclosed principal is responsible under this lease.

*Decision affirmed.*