### COMMONWEALTH *vs.* ALLAN G. LAPON.

No. 89-P-698.

Essex. May 10, 1990. - June 6, 1990.

Present: WARNER, C.J., ARMSTRONG, & GILLERMAN, JJ.

*Practice, Criminal,* Appeal, Instructions to jury. *Trespass.*

A defendant convicted of criminal trespass was not entitled to claim for the first time on appeal that, when arrested on the premises of a supermarket, he was exercising his civil right under G. L. c. 272, § 98, to equal privileges in places of public accommodation, or that the judge at his trial was required to charge the jury on that theory. [683-684]

The evidence at the trial of a complaint for criminal trespass demonstrated that the defendant clearly exceeded any invitation or license extended to the public to enter or remain on the premises of a supermarket, with the result that his conviction was proper. [684]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on December 14, 1987.

On transfer to the jury session of the Salem Division, the case was tried before *Mario Umana, J.*

*Richard A. Cohen* for the defendant.

*William J. Meade,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant, a shopper in a Star Market in Lynn, having failed to convince the assistant store manager that he was entitled to a free half-gallon bottle of Wisk laundry detergent, was arrested when he refused to leave the store without the free bottle, and later was tried and convicted by a jury in the Salem District Court for criminal trespass. G. L. c. 266, § 120.

The evidence was undisputed in material respects. The jury could have found the following facts beyond a reasonable doubt. On December 12, 1987, Star Market had a policy in effect known as a "price guarantee giveaway." If a cashier

rang up an item at a price different from the price marked for that item, the customer was entitled to the item free of charge. When the defendant went through the line, the cashier rang up $1.99 for the defendant's half-gallon bottle of Wisk, which was the price appearing on the store's display, on the aisle signs, and on the shelf's unit price tag. The Wisk bottle itself, however, bore the manufacturer's label price of $2.99.

The defendant demanded that he be given the Wisk without charge. The cashier evidently explained that she had not made an error because the manufacturer's price was not the Star Market price. Unconvinced, the defendant insisted on a free bottle of Wisk and refused to move from the line. Gary Scott, the assistant store manager, was called and he too explained that there was no error. But the defendant held firm to his position, and finally Scott asked the defendant to leave the store. When the defendant refused to leave after a second request, Scott called the police.

The police were no more successful than Scott. Their suggestion that the defendant take the matter up with Star Market's "higher echelon" was rejected. According to the uncontradicted testimony of the police, the defendant continued to refuse to leave and said, "You have to arrest me. I won't resist . . . ." Whereupon the defendant was arrested. Although the defendant was not disorderly and did not use foul language, he was disruptive and argumentative with store personnel, and refused to leave the store without a free bottle of Wisk.

On appeal the defendant, who appeared pro se at the jury trial in the District Court but who is now represented by counsel, claims for the first time that the judge's charge was erroneous for having failed to include an essential element of the crime. While "we may consider issues on appeal not raised at trial . . . our power to do so is rarely exercised, and is exercised only in response to a serious and obvious error creating a substantial risk of a miscarriage of justice." *Commonwealth* v. *Pares-Ramirez*, 400 Mass. 604, 609 (1987). We conclude that there is no such error.

General Laws c. 266, § 120, as amended through St. 1983, c. 678, § 6, provides that "[w]hoever, without right enters or remains in or upon the . . . buildings . . . of another, after having been forbidden so to do by the person who has lawful control of said premises, . . . shall be punished. . . ." The defendant's counsel would read into these seemingly straight-forward provisions a requirement that the defendant could not be found guilty of criminal trespass beyond a reasonable doubt unless Star Market had "good cause" for ordering him to leave.[1]

The defendant claims that infusion of a "good cause" re-quirement into c. 266, § 120, arises because Star Market is a place of public accommodation as defined by G. L. c. 272, § 92A, and therefore the defendant had the "civil right" to "full and equal . . . privileges" at Star Market under G. L. c. 272, § 98, as appearing in St. 1983, c. 628, § 7. Given this civil right, the argument proceeds, the criminal trespass statute can only make sense in the context of a place of pub-lic accommodation if a good cause requirement is read into G. L. c. 266, § 120.

No doubt the words "without right" in c. 266, § 120, en-compass constitutional rights, *Hurley* v. *Hinckley*, 304 F.Supp. 704, 710-711 (D. Mass. 1969), aff'd, *Doyle* v. *O'Brien*, 396 U.S. 277 (1970) (the words "without right" in c. 262, § 120 "expressly save constitutional rights"), as well as property rights — for example, those secured by leases or easements. And it may be that "without right" permits the defendant to claim the exercise of the "civil right" described in c. 272, § 98. But assuming that to be so (as to which we express no opinion), the judge's instructions remain correct. There was no indication whatsoever that the defendant had claimed or relied on any recognizable civil right under c. 272, § 98, and the defendant's brief suggests none. Conse-

---

[1] The trial judge did not include any reference to "good cause" in his charge. Instead he appears to have read (there was a slight gap in the tape recording) the operative words of the statute and summarized the issue to be whether the defendant *lawfully* remained in the building after having been *lawfully* forbidden to do so, all of which the Commonwealth was obliged to prove beyond a reasonable doubt.

quently the trial judge was under no obligation to instruct on the theory which the defendant now advances on appeal. "A trial judge is not required . . . to charge on an hypothesis which is not supported by evidence." *Commonwealth* v. *Costa*, 360 Mass. 177, 184 (1971), and cases cited.

The defendant in this case plainly, deliberately, and, in the end, defiantly, exceeded any invitation or license that had been extended by Star Market. When the defendant was asked to leave the store, his shopping had ended, and his only remaining activity was to press his threat that he would not leave the store until he received a free bottle of Wisk. That activity did not fall fairly within either Star Market's invitation to the public or its acceptance by the defendant. See generally *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 56 (1938). If there is any requirement of "good cause" in our criminal trespass statute when applied to places of public accommodation (as to which we express no opinion) it is not to be found in the record of this case. See *Commonwealth* v. *Egleson*, 355 Mass. 259, 263-264, appeal dismissed, 395 U.S. 336 (1969).

*Judgment affirmed.*