.SMILEY, ELIJAH, Associate Judge.
Dunes of Seagrove Owners Association, Inc. (the Association) appeals the entry of final summary judgment in favor of Dunes of Seagrove Development, Inc. (the Developer) declaring that a written agreement entitled “Beach Service Easement” (the Agreement) created an easeinent in gross for the provision of beach services. We agree with, the trial court’s determination and affirm the entry of final summary judgment.
In 2002, the Developer recorded the Agreement, which contains the following operable language:
WHEREAS, Developer and [the Vendor] are desirous of entering into an easement agreement (the “Easement”) where by Developer grants to the [Vendor] an easement over and across the Beach ,for the purpose of ingress and egress to the Beach and an easement over the Beach for the purpose of providing Beach Services; and
WHEREAS, the parties desire that this Easement be and constitute a covenant running with the land belonging to the respective parties for an initial period of'thirty (30) years and that same *1211 shall be binding on and- inure to the benefit of the parties, hereto, their successors and assigns.
Dunes of Seagrove Beach Services, Inc. (the Vendor) assigned its right to provide beach services under the Agreement to the Developer in 2012. In 2014, the Association filed a complaint against the Developer and the Vendor, seeking a declaratory judgment concerning the Agreement. The Association asserted that the Agreement created a license; thus, the Vendor’s authority to provide beach services éxpired' when the property was submitted for condominium ownership and thé Vendor did not have the authority to assign its right to provide beach services to the Developer. The Developer and the Vendor filed a counter-claim seeking a declaration that the Agreement granted the Vendor an easement that was not terminated by the recording of the declaration of condominium and that was properly assigned to the Developer. Both parties moved for summary judgment. In its final order, the trial court determined that the Agreement created a legally existing easement in gross that was now held by assignment by the Developer. This timely appeal follows.
The trial court’s decisión to grant summary judgment is reviewed de novo. Mills v. State Farm Mut. Auto. Ins. Co., 27 So.3d 95, 96 (Fla. 1st DCA 2009). When an easement is unambiguous, it must be construed in accordance with its plain meaning. City of Orlando v. MSD-Mattie, L.L.C., 895 So.2d 1127, 1129 (Fla. 5th DCA 2005). Moreover, the question of-whether, an'-instrument creates a license or easement is determined by the intent of the parties. Jabour v. Toppino, 293 So.2d 123, 126 (Fla. 3d DCA 1974). As both parties agreed at oral argument, it is clear that the Developer intended to, create an easement that granted the Vendor .the exclusive right to provide beach services.
Typically, an easement contains the following five elements: (1) it grants an incorporeal right; (2) it is imposed on corporeal property; (3) it does not entitle the holder to profit from the land; (4) it benefits a cqrporeal property; and (5) it involves a- dominant and servient estate. Burdine v. Sewell, 92 Fla. 375, 109 So. 648, 652 (1926). The Association argues that the Agreement, despite its title and the intent of the parties, failed to convey the rights deemed essential to an easement because it entitled the Vendor to, earn profits from the land, there was no dominant and servient estate, and the easement did not benefit a corporeal estate. While this is true, Florida recognizes easements in gross, which are mere personal interests in land that are not supported by a dominant estate. Platt v. Pietras, 382 So.2d 414, 417 (Fla. 5th DCA 1980) (defining an easement in gross as “an easement unconnected with nor for the benefit of any dominate estate”); N. Dade Water Co. v. Fla. State Tpk. Auth., 114 So.2d 458, 461 (Fla. 3d DCA 1959) (holding that “[a]n easement is in gross and personal to the holder when it is not appurtenant to other lands or premises.”). Here, the Agreement created an easement in gross because it benefits the holder of the easement (the Vendor) even though the holder has no possessory interest in the land (the beach), which is the servient estate.
Easements in gross have typically been recognized in situations involving utilities. See generally, City of Orlando v. MSD-Mattie, L.L.C., 895 So.2d 1127 (Fla. 5th DCA 2005) (easement in gross for overhead electric transmission lines);. Div. of Admin., Dep’t Transp. v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977) (easement in gross to supply liquefied petroleum gas); N. Dade Water Co., 114 So.2d at 459 (easement in gross to furnish water and sewer services). However, there is no indication in any of *1212 these cases that Florida will only recognize easements in gross for utilities. Considering the plain language of the Agreement and the intent of the parties, the Agreement created an easement in gross that granted the Vendor the exclusive right to provide beach services and the Vendor properly assigned those rights to the Developer.
Therefore, the final order of summary judgment is AFFIRMED.
WETHERELL and RAY, JJ., concur.