ALEXANDER S. BEAL & another, trustees, *vs.* EASTERN AIR DEVICES, INC. April 30, 1980. On undisputed facts, the trial judge entered summary judgment for the plaintiffs for amounts due under a 1972 parking agreement. We affirm.

The plaintiffs and the defendant entered into an agreement in 1972, entitled "License Agreement", which, in consideration of payment by the defendant of specified monthly fees, gave it certain parking privileges additional to those to which it was entitled as assignee of an earlier 1964

agreement. The 1972 agreement was to continue for the duration of the 1964 agreement unless earlier terminated in accordance with its specific provisions and provided that it would "automatically terminate in the event of the termination" of the 1964 agreement. The defendant argues that the 1964 agreement was a license, that it was revocable or terminable by it at will, and that by a letter of November, 1977, its assignor had "terminated" the 1964 license. This alleged termination, the defendant claims, resulted in the "automatic termination" of the 1972 agreement.

It is true that if, as the defendant urges, the 1964 agreement was technically a license, it was revocable at the will of the possessor of the land. This factor of revocability is the essence of a license to use land of another. *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 56 (1938). 2 American Law of Property § 8.112 (Casner ed. 1952). 3 Powell, Real Property § 428 (Rohan ed. 1978). However, although both parking agreements use the term "license," we think the 1964 agreement, like the instrument in *Baseball Publishing Co.* v. *Bruton*, 302 Mass. at 57, is not technically a license and cannot be revoked at will. The use of the term "license" is not dispositive and is "merely a misdescription." *Id.* at 56.

The 1964 parking agreement was an integral part of a commercial transaction which involved a simultaneously executed lease of a building. The two instruments must be construed together. *Brokaw-Eden Mfg. Co.* v. *Lockerbie*, 237 Mass. 463, 466 (1921). *Clark* v. *State Street Trust Co.*, 270 Mass. 140, 150 (1930). Restatement of Contracts § 235c (1932). Although the 1964 parking agreement did not require additional payments for parking by the tenant (the defendant's assignor), an examination of the 1964 parking agreement and of that portion of the lease contained in the record leaves no doubt that part of the consideration bargained for by the tenant included the right to park. The plaintiffs could not, in the absence of certain conditions not here relevant, have revoked the parking "license" and could have been forced specifically to make parking available. See *Bruton*, 302 Mass. at 58. See also *Childs* v. *Boston and Maine R.R.*, 213 Mass. 91, 94 (1912). The 1964 document was, therefore, not a license but was rather an agreement, which, together with the lease, gave the tenant certain enforceable rights. While the defendant, as any promisee under a contract, could have waived, and thus terminated, its parking or other rights under the contract, this power does not convert the 1964 agreement into a license, nor would such a waiver, however denominated, have constituted a termination of the 1964 agreement within the meaning of the 1972 agreement so as automatically to terminate the latter.

*Judgment affirmed.*

*Howard M. Sticklor* for the defendant.
*M. Robert Dushman* for the plaintiffs.