Connolly, J.
The defendant, New England Patriots Limited Partnership (Patriots), terminated the plaintiff, Yarde Metals, Inc.’s, season tickets. The defendant now moves to dismiss the plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendant’s motion is ALLOWED. 
BACKGROUND
The plaintiff, Yarde Metals, Inc., is a Connecticut corporation with its principal place of business in Southington, Connecticut. The plaintiff has owned six (6) season tickets to the New England Patriots for the past twenty (20) years. Every year before the beginning of the football season, the Patriots send the plaintiff a renewal agreement for season tickets. After receiving the renewal agreement, the plaintiff returns the signed agreement to the Patriots with a check paying for the season tickets. Shortly thereafter, the Patriots send the plaintiff the tickets for all the home games for the upcoming football season.
As with all the tickets that the New England Patriots sell, the tickets that the plaintiff held were considered revocable licenses that are revocable for any cause. Each season ticket had the following language, in relevant part, pre-printed on the back.
This ticket and all season tickets are revocable licenses. The Patriots reserve the right to revoke such licenses, in their sole discretion, at any time and for any reason. Patriots may refuse admission to, or eject, any ticket holder without refund if the holder fails to comply with any applicable rules or terms, or is deemed to be disorderly. Inappropriate behavior and/or abusive language may result in ejection (without refund), arrest, prosecution, forfeiture of season tickets privileges, and other legal action. Purchase of season tickets does not entitle purchaser to renewal in a subsequent year.
Similar language also appears on the Patriots’ Official Web Site (www.patriots.com) and in the New England Patriots Fan Guide that is sent annually to all season ticketholders.
For the 2002 football season, the plaintiff held six (6) tickets in Gillette Stadium, the home of the New England Patriots, in Section 129. On October 13, 2002, the Patriots were playing the Green Bay Packers at Gillette Stadium. The plaintiff, as was its customary practice, gave some of its tickets for the game to some of its customers. One of those customers that day was Mikel LaCroix (LaCroix). During the course of the game, LaCroix needed to use the bathroom facilities. After waiting in line for the men’s room for twenty (20) minutes, LaCroix could not wait any longer. Since he had observed some men coming out of the women’s room, LaCroix decided to use the women’s room himself. LaCroix used one of the closed stalls in the women’s room. As he was walking out of the women’s room, the Foxboro police caught him and arrested him.
LaCroix was ejected from the game and brought to the Wrentham District Court for booking. The following day, LaCroix appeared in court and admitted to facts sufficient for a finding of guilt of disorderly conduct. LaCroix received a continuance without a finding of guilt for six (6) months and was permanently banned from Gillette Stadium.
On October 17,2002, the Patriots wrote to the plaintiff terminating the remaining 2002 season tickets and all the privileges that came with those tickets. The Patriots directed the plaintiff to return the remaining 2002 season tickets in exchange for a full refund of those tickets. In a letter dated November 12, 2002, the plaintiff, through its president, sent the Patriots aletter explaining the situation faced by LaCroix and requested that the Patriots reinstate the plaintiffs season tickets. To this date, the plaintiff has not returned the remaining 2002 season tickets, received a refund for those tickets, and its season tickets have not been reinstated. The plaintiff filed this suit in August 8, 2003.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
*238 In the present case, the plaintiffs complaint must be dismissed because no theory of law exists in Massachusetts that would support relief in the plaintiffs favor. The Patriots grant season ticket holders a license to attend home games at Gillette Stadium. Revocability is a primary characteristic of a license. See generally Kaplan v. Boudreaux, 410 Mass. 435, 442 (1991); Beal v. Eastern Air Devices, 9 Mass.App.Ct. 910, 911 (1980). It has been a long-standing principle in Massachusetts law that the relationship between a buyer and seller of tickets is one of a revocable license. See Spencer v. Rabidou, 340 Mass. 91, 92 (1959); Beal, 9 Mass.App.Ct. at 911. If the seller chooses to withdraw the license, the seller’s sole obligation in that circumstance may be to ftrmish a reftrnd to the purchaser for loss of the ticket or license in advance of the event. Id, The plaintiff knew that it only held a license for these tickets as it was informed by the language on the tickets themselves and the New England Patriots Fan Guide.
The plaintiff in its complaint argues that its relationship with the defendant is one not out of a revocable license but rather out of contract and property rights since it has held the season tickets for twenty (20) years. The plaintiff contends that since it has held the season tickets for 20 years, it has a contractual and property right in the tickets and in their renewal eveiy year. Thus, the plaintiff argues that the Patriots cannot revoke the season tickets without cause. The plaintiffs argument, however, must lose since there exists no legal precedent in Massachusetts to support such a claim.
The plaintiff cites two bankruptcy cases in support of its contract/property claim. In re Platt v. Boston Red Sox Baseball Club Limited Partnership, 292 B.R. 12 (Bankr.D.Mass. 2003); In re I.D. Craig Service Corp., 138 B.R. 490 (Bankr.W.D.Pa. 1992). In both these cases the courts held that because the season tickets had both the characteristics of transferability and renewability, they were considered property for bankruptcy purposes. The season tickets were transferable by the debtor to any other person either by paying a transfer fee (In re I.D. Craig Service Corp., 138 B.R. at 492) or by permission (In re Platt, 292 B.R at 17). Moreover, the season tickets were automatically renewed every year without the initiation of the debtor. For these reasons, the courts reasoned that the season tickets were property of the debtor, and thus, were part of the debtor’s estate for purposes of the bankruptcy proceeding.
In the present case, the plaintiff points to the fact that for the past twenty years, it has held these season tickets. Moreover, the plaintiff argues that its season tickets were renewed automatically every year by the renewal agreement sent by the Patriots. Since it did not solicit the Patriots for a renewal of the season tickets, the plaintiff argues that it holds a proprietary interest in these tickets.
The present case is distinguishable from the bankruptcy cases because the plaintiff does not put forth any evidence that its season tickets are transferable. Without this evidence, the plaintiff does not have certain rights associated with having a property interest in this piece of property and thus has a revocable license. See Opinion of the Justices, 247 Mass. 589, 596 (1924) (“Commonly a license is a personal privilege and not transferable”). From the facts of this case, it is the Patriots who maintain a property interest in these tickets.
Generally, one who has rights in a property has a “bundle of rights” associated with that property, such as possession, use, disposition and exclusion. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 436 (1982). The Patriots have the right to sell the tickets to whomever they want. The Patriots are the ones to determine how long people are going to have tickets (whether it be simply one game or for twenty years). Furthermore, the Patriots retain the right to exclude people from buying the tickets. Finally, the Patriots retain the right to invalidate a ticket at any point. Based on these facts, the Patriots hold a proprietary interest in these tickets, not the plaintiff. Thus, the plaintiffs argument must fail.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion to Dismiss the Plaintiff s Complaint is ALLOWED. Further, it is ORDERED that the Patriots refund to the plaintiff the monies owed to it for the unused tickets of the 2002 football season.

 It appears to the Court that the Patriots can legally revoke the six (6) season tickets from the plaintiff, Yarde Metals, Inc., based on these facts. However, the harshness of the penalty executed on Yarde Metals, Inc., who has only had one problem in the past twenty (20) years with the Patriots because of this one customer, seems to the Court draconian.